## EDDY *vs*. GRAVES.

A *subsequent executory contract* to be operative as a *defeasance* or *modification* of a previous contract by *specialty*, must be *under seal*, whether it have a *consideration* or not, and whether it be *before* or *after a breach* of the previous contract.

The cases supposed to bear against the above rule, go no farther than to say that where the agreement under seal is departed from in the *mode* or *time* of its performance, and yet *the performance is accepted as satisfactory*, although an action of *covenant* will not lie, the acts of the parties shall be considered as evincing *an executed agreement* to rescind the covenant. *See Allen* v. *Jaquish*, 21 *Wendell*, 628.

THIS was an action of debt to recover a sum of money fixed upon as *liquidated damages*, in an agreement under seal. By the contract, bearing date 4th May, 1838, the plaintiff, a merchant, agreed to sell and deliver to the defendant, on the *tenth* day of *September* next after the date of the agreement, at the store of the plaintiff, all the goods and merchandize which on that day should *remain unsold*, of the stock or assortment which he (the plaintiff) had on hand at his store ; and the defendant on his part covenanted that on the *tenth* of September, he would pay for the goods, provided the amount did not exceed $900, and that good current bank bills were accepted in payment. The plaintiff, previous to the stipulated day, took an inventory of his goods, which amounted to less than $900, and on the appointed day was ready at his store to make delivery of the goods, but the defendant did not appear. It was shown that subsequent to the making of the agreement, the plaintiff sold to one merchant a quantity of rice, amounting to $30, and to another a barrel of rice, and also that he had sold some goods at cost prices. The counsel for the defendant [*insisted that the plaintiff had no right to sell his goods to country merchants to be *resold*, and that such sales should be held to invalidate the contract. The circuit judge decided that the question belonged to the court, and not to the jury, and overruled the objection. The defendant then offered to prove that after the making of the contract, and before the tenth day of September, a *parol agreement* was entered into between the parties for *extending the time of performance four days*, without any new consideration ; that the agreement was that the defendant would fulfil the stipulation on his part *in four days after the tenth day of September*, and that in consideration thereof the plaintiff agreed to extend the time four days—and that at the time so agreed upon he (the defendant) was ready to perform, but the plaintiff refused to perform on his part. The counsel for the plaintiff objected to the evidence so offered, because it did not amount to a valid agreement for the want of a sufficient consideration, and because the contract on which the suit was brought being an *executory contract* and *under seal*, could not

[ *83 ]

be altered or affected by such parol arrangement. The judge sustained this objection, and excluded the evidence. The jury found for the plaintiff. The defendant, on a bill of exceptions, moves for a new trial.

*J. Holmes*, for the defendant, insisted 1. That the sales by the plaintiff to the country merchants should have been submitted to the jury, so that they might have passed upon the question whether such sales were not in violation of the spirit of the contract; and 2. That the evidence offered by the defendant as to the enlargement of the time of performance, should have been received. He contended that if such agreement was entered into by the plaintiff, he should be compelled to abide by it; and that there was nothing in the cases on the subject which prevented the agreement from being obligatory, simply because it rested in *parol*. In support of which propositions the counsel cited and commented upon the following cases: 13 *Wendell*, 71; 2 *id*. 587; 10 *id*. 180; 11 *id*. 27; 15 *Johns. R*. 200; 3 *id*. 528; *7 *Cowen*, 48; 14 *Johns. R*. 820. No new consideration [ *84 ] was necessary to give validity to the agreement to extend the time; the waiver is enough for that purpose. 14 *Serg. & Rawle*, 241.

*J. L. Wendell, contra.*

*By the Court*, Cowen, J. We are quite clear that neither of the exceptions is well taken. The plaintiff retained the privilege of sale generally; and unless he fraudulently sold the goods in such a way as to injure the defendant, the latter must pay for the balance remaining on hand the 10th of September, not exceeding nine hundred dollars. No fraud was pretended or offered to be shown.

The second exception cannot avail for the reasons assigned at the circuit by the plaintiff's counsel, and adopted by the judge, viz: 1. Because there was no consideration for the agreement to postpone; and 2. Because a contract by specialty cannot be varied by parol agreement, though it be made on valuable consideration. I had occasion to consider the authorities relating to the latter position in *Allen v. Jaquish*, 21 *Wendell*, 628, and shall not go over them now. We wish to be understood as adopting the rule that a subsequent executory contract, in order to operate as a defeasance or modification of a previous contract by specialty, though that be executory, must itself be under seal, whether it have a consideration or not, and whether it be made before or after a breach of the previous contract or not.

New trial denied.