JONAS CONGER, Plaintiff in Error, *v.* THE CHICAGO AND ROCK ISLAND RAILROAD COMPANY, Defendants in Error.

ERROR TO BUREAU.

Where a party granted the right of way to a railroad company across his land, by deed, upon condition that the company should fence the road within a reasonable time, which the company neglected to do: *Held*, that an action on the case will lie to recover damages sustained by the omission of the company to build the fence.

THIS was an action on the case brought by Conger against the railroad company, to recover damages occasioned to his land by the trespassing of cattle thereon, owing to the omission of the company to fence on each side of the right of way granted to the company. A demurrer was filed to the declaration, which was sustained in the circuit court, by LELAND, Judge, at the March term, 1854, of the Bureau Circuit Court.

TAYLOR and STIPP, and BLACKWELL and BECKWITH, for plaintiff in error.

MILTON T. PETERS, for defendants in error.

CATON, J. The plaintiff granted by deed to the railroad company the right of way across his premises, upon condition that they should fence the road. The deed was accepted by the company, who took possession of the way granted, and constructed and used the road thereon, but neglected to build the fence according to the condition in the deed, within a reasonable time, whereby the plaintiff has sustained damages, for which this action on the case is brought. To the declaration showing these facts, a demurrer was sustained, which is the decision now complained of. We are well satisfied the court erred in sustaining the demurrer. It is true, the defendant did not join in the execution of the deed, and entered into no covenant with the plaintiff to build the fence, but it accepted the deed, which granted the right of way upon condition that it would make the fence. It took possession of the right of way under the deed, and thereby impliedly assumed, that it would perform the conditions expressed in the deed. By accepting and acting under the deed, a duty arose in the company to perform the conditions upon which the grant was made, and the violation

of this duty was such a wrongful act as entitles the
maintain this action. It may be that assumpsit migh
tained upon the implied promise to make the fence, b
means follows that the plaintiff may not treat the v
the duty which arose in the company to make the
tortious, and recover in this form of action. Indeed
common, if not the most common, form of actio
peculiar kind of case. The case of Burnett *v.* Lynch
& Cress. 589, (11 Eng. Com. Law R. 597,) is a leading
this point, and is the only one of the numerous cases cit
the argument, to which we think it necessary to refer.
the executors of a lessee had assigned the lease to the
ant, who accepted the assignment and enjoyed the p
In the lease the testator had covenanted to pay rent and
form other covenants, and by the terms of the assignm
assignee was to enjoy the premises for the unexpired t
pay the rent and to perform all the covenants in the lease.
assignee did not execute the assignment, but he acce
subject to the performance of the covenants, and took
sion of and enjoyed the premises under it. He failed t
form the covenants, for which an action was brough
recovery had by the landlord against the executors of the l
who then brought an action on the case against the assign
his breach of duty in not performing the covenants in the
The case was evidently considered with care, and the
unanimously held that the action on the case was maintain
Abbott, C. J., after expressing the opinion that covenant w
not lie, but that assumpsit would upon the implied pro
said: " And I think that a duty did arise when the defen
accepted the assignment of the lease subject to the perform
of the covenants, and that as a breach of that duty has l
committed, a special action on the case may be maintain
The same conclusion was arrived at by each of the oth
judges in separate opinions, and the principles of that decision
have not since been shaken. The numerous other decisions,
recognizing and sustaining it, both in England and this country,
need not be referred to.

Upon the argument an objection was made to the damages
claimed in the declaration. The question made does not arise
upon this demurrer. If there has been a breach of the duty
which arose, to construct the fence within a reasonable time, the
law will at least imply some damage, and that is sufficient to
maintain the action, whether the plaintiff is entitled to recover
for all the damages of which he complains or not.

The judgment must be reversed, and the cause remanded.

*Judgment reversed.*