KANKAKEE & SOUTH WESTERN RAILROAD COMPANY

v.

MATTHEW FITZGERALD.

1. CONTRACT UNDER SEAL—VERBAL AGREEMENT.—As the contract granting the right of way through appellee's farm and defining the duties of the company as to fences, was under seal, it was error to admit parol evidence to show that at the time of the delivery of the deed there was a verbal agreement between appellee and the company's agent that the fences should be built before the railroad was constructed.

2. SAME—REASONABLE TIME.—If such contract failed to fix definitely the time within which the fences were to be built, the law would supply the omission by saying it should be done within a reasonable time, and what was a reasonable time would be a question of fact for the jury.

3. DAMAGES.—In assessing damages the direct and immediate consequences of the injurious act are to be regarded, and not remote, speculative and contingent consequences, which the party injured might easily have avoided by his own act.

4. ACTIONS.—Damages for a failure to fence under the contract can be recovered in this action on the case.

APPEAL from the Circuit Court of McLean county; the Hon. O. T. REEVES, Judge, presiding. Opinion filed December 4, 1885.

In 1882, appellant (defendant below) was engaged in building a railroad from Kankakee to Bloomington, which was to pass through appellee's farm. July 10th of that year appellant and appellee entered into a contract relative to the right of way through the farm, whereby appellee agreed to convey a strip of land one hundred feet wide through his farm. This agreement contained the following provisions :

"The company agrees to build good fences and three farm crossings, and pay me $500 for my land, and for the considera-

tion aforesaid, I do hereby give and grant to said company the right to enter upon and take and hold possession irrevocably of the said strip of land for the purpose aforesaid, and forever acquit the said Kankakee and Southwestern Railroad Company from all claims for damages done or committed to my lands in the construction of said railroad."

In pursuance of this contract, in October of that year appellee executed and delivered to appellant, through one Weinland, its agent, a warranty deed of the premises. This was a plain deed without any special provisions. Appellant, upon the receipt of the deed, paid the amount of the consideration money.

In the fall of the same year, appellant's gang of men entered into possession of the tract of land so conveyed, and built its track through appellee's land and about half a mile beyond, and then was compelled to cease operations, by reason of the bad weather, till spring. About the middle of April of the next year it recommenced its work and finished its road, building its permanent fence in May before the railroad was open for business.

Early in December, 1882, after the work had ceased on the track, appellant sent a lot of men, who strung two barbed wires along the telegraph poles, setting two posts between each two poles, for the purpose of a temporary fence. The evidence is conflicting as to whether or not this fence would turn cattle and horses.

It was claimed by appellee on the trial that he refused to deliver the deed to Weinland until the latter promised to build a fence along both sides of the right of way before the end fences were broken down. This was strenuously denied, both by Weinland and the notary who was present and took the acknowledgment. Appellee in this is corroborated to some extent by one or two of his children.

After the wire was strung appellant took off its force of builders and did not return till April. Some time after the grading was done, appellee complained to appellant's engineer, Healey, in charge of the building of the road, that the workmen had plowed up some of his tile running across

K. & S. W. R. R. Co. v. Fitzgerald.

the right of way. The evidence tends to show that appellee promised Healey to get a man to fix the tile, and Healey agreed to furnish the new tile and to pay for the fixing. The tile were furnished and scattered along the right of way.

Appellee did nothing toward getting a man to lay them, but instead, says that he lost several hundred bushels of corn the next season for want of the drainage of the land, and that by reason of the tile being up, the rest of his drain north of the track got so full of mud that it would have to be taken up, and so complained to Healey the next season; whereupon Healey got a number of neighbors and appellee himself, and upon examination found that the tiles, in several places a hundred or so feet apart, were free from mud, but that the mouth of the drain was lower than the outlet, so that the drain was useless. Appellee claims that he was compelled to herd his cattle and hogs during the entire winter, at a cost of about $30 a month, to save his crops, but that a large part of the crops were destroyed by the cattle and hogs, notwithstanding. This evidence was admitted over objection. It was also proved that about one tenth of an acre of land was plowed up and dirt taken from it to put on the right of way.

The declaration contains five counts. The third was the only one that claims anything about the agreement as to the building of the fence, herding cattle or the destruction of the crops by the cattle. The court sustained a demurrer to this count, but admitted, over objection, evidence showing the damage sustained in this respect. All that was claimed by the counts of the declaration other than the third was in regard to the tile drains being torn up, so that in consequence thereof the land of the plaintiff was overflowed, twenty acres submerged and twenty acres of corn, wheat and oats destroyed, and the land of plaintiff trampled upon, and holes dug therein and dirt taken therefrom. A few days after the suit was commenced, appellant tendered $25 to plaintiff, which was refused; appellant paid that sum into court, when it pleaded in the case.

Messrs. WILLIAMS & CAPEN, for appellant; that where par-

ties reduce their contract to writing, the law presumes that the whole terms and conditions of the agreement are fully incorporated in and become a part of the written instrument, cited Conwell v. S. & N. W. R. R. Co., 81 Ill. 232 ; C. & V. R. R. Co. v. Parker, 84 Ill. 613; Weaver v. Fries, 85 Ill. 356; M. Ins. Co. v. Faynes, 87 Ill. 199; Wood v. Surrells, 89 Ill. 107 ; Andrews v. Mann, 92 Ill. 40 ; Seymour v. Belding, 83 Ill. 222; Driver v. Ford, 90 Ill. 595.

Damages for a breach of contract can not be joined with a count in trespass. And also, in an action of trespass, damages for a breach of contract can not be recovered: Tidd's Practice, *11 ; Chitty Pl. 229, and note; Stephen on Pl. *267 ; Krug v. Ward, 77 Ill. 603; Noetling v. Wright, 72 Id. 390 ; Hays v. Borders, 1 Gilm. 46 ; Brady v. Spurck, 27 Ill. 478 ; Dalson v. Bradberry, 50 Id. 82.

Whenever a party is damaged by the wrongful act or default of another, it is his duty to make his damages as small as he reasonably can ; and for any damages he could by proper exertions have prevented, he can not recover: Sedgwick on Measure of Damages, 93.

Messrs. STEVENSON & EWING, for appellee.

CONGER, J. The contract granting the right of way through appellee's farm and defining the duties of the company in reference to fencing, was under seal, and could not be modified, changed or enlarged by parol. Chapman v. McGrew, 20 Ill. 101 ; Hume v. Taylor, 63 Ill. 43; Barnett v. Barnes, 73 Ill. 216.

Hence, it follows that the admission of parol evidence, to show that at the time of the delivery of the deed there was a verbal agreement entered into between appellee and the agent of appellant that the fences should be built before the railroad was constructed, was error.

The rights of the parties were fixed by the sealed contract of July 10th, and the attempt to show by parol the promise and undertaking of the company at the time of the delivery of the deed, must of necessity be a modification of the terms of

K. & S. W. R. R. Co. v. Fitzgerald.

that contract, or, an attempt to show a new and distinct agreement which would require a new consideration to support it. There was no new consideration, for appellee was required by his contract of July 10th to execute a deed upon the receipt of the $500; therefore the delivery of the deed was but the compliance upon the part of appellee with his duty, and could not form a consideration for a new and independent agreement.

The contract of July 10th, failing to fix definitely the time within which the fences were to be built, the law supplies the omission by saying it should be done within a reasonable time, and that is a question of fact to be determined by the jury from all the circumstances of the case. It may be they would consider such reasonable time under all the circumstances of this case to be, when the company took possession of the land for the purpose of constructing its road; but we think the court should have left this question to them, and not attempted by instructions, to define it.

We think the evidence in reference to the expense of herding appellee's cattle through the winter to prevent their destroying the corn, was improperly admitted. The immediate damage to the corn, done by appellee's cattle, if caused by the wrongful tearing down of appellee's fences by appellant, and until such reasonable time as appellee could take measures to protect himself, would be proper for the consideration of the jury.

In addition to that, the measure of damages would be the value of the pasture lost, and such other reasonable expenses as appellee would incur in removing his stock to another pasture.

It was appellee's duty to make his damages as small as he reasonably could under the circumstances.

It is not reasonable to suppose that if appellee had been endeavoring in good faith to protect his crops by the smallest reasonable outlay of money, he would have permitted them to run in a field with (as he claims) an insufficient fence to keep them from destroying his crop, and employed herders through the winter to watch them.

The principle is well defined in Loker v. Damon, 17 Pick. 284, where the court say:

"In assessing damages, the direct and immediate consequences of the injurious act are to be regarded, and not remote, speculative, and contingent consequences, which the party injured might easily have avoided by his own act. Suppose a man should enter his neighbor's field unlawfully, and leave the gate open; if, before the owner knows it, cattle enter and destroy the crop. the trespasser is responsible. But if the owner sees the gate open, and passes it frequently, and willfully or obstinately, or through gross negligence, leaves it open all summer, and cattle get in, it is his own folly."

If the damages to appellee's tile drain was a necessary consequence of a proper construction of the road bed, the company would not be liable therefor, as they are by the contract of July 10th, expressly released "from all claims for damages done or committed to my (appellee's) land in the construction of said railroad."

If, on the contrary, such drain was wantonly, or negligently injured by the company without it being necessary so to do, then the measure of damages would be the expense of repairing it. The company offered to pay the expenses of such repairs, brought the tile upon the ground and authorized appellee to enter upon their right of way and have the drain reconstructed. Appellee can not, under such circumstances, stand idly by and permit his ground to be overflowed and his crops destroyed, and seek to hold the company responsible.

The doctrine already alluded to, that it is always one's duty to make his damages as small as he reasonably can, seems to be peculiarly applicable to this branch of the case.

It is urged that the claim for damages for failing to fence, must necessarily be made in an action *ex contractu,* and could not therefore be recoverable in this form of action. This objection is not well taken, as it is held in Conger v. C. & R. I. R. R. Co., 15 Ill. 366, that an action on the case will lie in an action similar to this.

From a careful inspection of the record, we are unable to

find any replication to, or joinder of issues upon, any of the pleas filed; but under the authority of Seavey v. Rogers, 69 Ill. 534, we have not regarded this as fatal, but upon another trial let the issues be settled before submitting the case to the jury.

For the errors indicated the judgment will be reversed, and the cause remanded.

Reversed and remanded.