HUME BROTHERS *et al.*

*v.*

TAYLOR & MOSS.

1.    CONTRACT *under seal—modification by subsequent parol agreement.*    A sealed executory contract can not be modified or in part changed by parol so as to authorize either party to sue upon it.

2.    So, a contract under seal for the sale and delivery of one thousand hogs of a certain weight and quality, at a price and by a day named in the agreement, can not be changed by a new parol agreement for the delivery of a less number of hogs, founded on no new consideration.

APPEAL from the Circuit Court of Edgar county; the Hon. JAMES STEELE, Judge, presiding.

This was an action of assumpsit by the appellants against appellees upon a promissory note of $5000.

The defendants below pleaded that on the day of the date of the note a certain contract under seal was made and entered into between the plaintiffs and defendants, as follows: The contract is then set out in *hæc verba*, from which it appeared that the plaintiffs sold to the defendants 1000 head of smooth, merchantable, corn-fat hogs, to average not less than 240

pounds gross weight, to be delivered in the city of Paris, between the 1st and 15th of June following, for which defendants were to pay six cents per pound, gross weight, on delivery, and that the parties of the first and second part should execute each to the other their notes of $5000, to be deposited with a certain party, and that if either party failed to comply with the contract, the note so given by such party should be valid as a forfeit to the other party. The plea further averred that the note sued on was one of the notes given to secure performance of the contract, and plaintiffs did not deliver to defendants 1000 head of smooth, merchantable and corn-fed hogs at the time specified.

To this plea the plaintiffs replied, in substance, that after the making of such contract, the plaintiffs made a further written contract, which was indorsed upon the same paper containing the sealed contract, that one of the plaintiffs was to furnish 250 head of said hogs, another one 250 and Hume brothers to furnish 500; and that afterwards, on the 1st day of June, 1871, it was further agreed by and between the defendants and plaintiffs that a portion of the plaintiffs should not furnish the 500 head of hogs to be by them furnished under said contract, and that defendants were to receive and pay for the 500 head to be delivered by the other two plaintiffs, and that they were so furnished and delivered.

The court sustained a demurrer to the several replications, all in substance as above, and this is assigned for error.

Messrs. BISHOP & EADS, for the appellants.

Mr. JOHN SCHOLFIELD, for the appellees.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

The declaration in this case counts on a promissory note. In the second plea filed by the appellees it is averred that the note was given to secure the performance of a certain contract

between the appellants and the appellees, and that there was no other consideration for the note.

The contract between the parties is under seal, and by the terms of the contract, the appellants agreed to deliver to the appellees and the appellees agreed to receive them, 1000 head of hogs, of a certain weight and quality, at a price and by a day stated in the agreement.

To secure the prompt performance of this contract, each party executed their note in the like amount with the one sued on, and delivered the same to Levings & Co., to be by them held for the use of the party that should be damnified by the breach of the contract.

The defense sought to be interposed by this plea, is that the appellants did not deliver the 1000 head of hogs according to the agreement.    To this plea the appellants filed five several replications, all of which, in substance, are the same.    It is alleged that the parties made a new contract by parol, by which it was agreed that the appellants would receive a less number than 1000 head of hogs, in full compliance with the original contract, and that the appellants did offer to deliver to the appellees the less number agreed upon, in compliance with the terms of the new contract, which the appellees refused to receive and pay for.

The court sustained a demurrer to each and all of the replications, and that decision is now assigned for error.

A number of questions are presented by the respective counsel, but the one deemed of controlling importance is, whether a contract under seal can be modified, altered and in part rescinded by an executory parol agreement.    We are of opinion that it can not.

The common law rule seems to be well settled that a sealed executory contract can not be modified or in part changed by parol, so as to authorize either party to sue upon it; and the cases that support this doctrine are numerous.    *Cardwent* v. *Hunt,* 8 Tenn. 596; *De LaCroix* v. *Bulkley,* 13 Wend. 71; *Eddy* v. *Graves,* 23 Wend. 82; *Smard* v. *Patterson,* 3 Black. 353.

In this instance the modification of the original sealed contract was by an executory parol agreement, and it is not contended that any new consideration passed between the parties. It is certain that the note sued upon was never executed and deposited as security for the new parol agreement insisted upon. It had relation only to the original sealed contract between the parties.

We are, therefore, of opinion that the court committed no error in sustaining the demurrer to the several replications, and the judgment is affirmed.

*Judgment affirmed.*