## Louis Barnett

### v.

## Royal B. Barnes.

1. Contract—*when executory and under seal, can not be modified by parol.* A sealed executory contract can not be modified or in part changed by parol agreement, so as to authorize either party to sue upon it as thus modified.

2. Where a lease under seal fixes a certain amount of rent to be paid each month, a parol agreement changing the amount of rent to be paid for the unexpired term, and leaving the lease in other respects unchanged and in

force, is not binding upon the lessor, and he will, notwithstanding such parol agreement, be entitled to recover the amount of rent called for by the lease.

APPEAL from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

Messrs. E. & A. VAN BUREN, for the appellant.

Messrs. KNOWLTON & HUMPHREYVILLE, for the appellee.

Mr. JUSTICE SCOTT delivered the opinion of the Court :

On the 12th day of January, 1872, the parties entered into a written lease under seal, by which appellee let to appellant certain premises from the 1st day of May, 1872, to the 30th day of April, 1874, for the sum of $4000, payable in installments of $166.66 monthly, in advance. The rent was paid in accordance with the terms of the lease up to and including the month of April, 1873, except that, by a verbal arrangement, appellee deducted $25 from each installment for the months of December, 1872, January, February, March and April, 1873.

It is claimed, about the 1st of May, 1873, a verbal agreement was made between the parties, by which appellant should have the premises for the next year, commencing on the 1st day of May, at the same rent for which he had had the premises previous to the fire, viz: $900 per year. On the 1st day of June, 1873, appellant offered to pay a month's rent at the rate of $900 per year, which appellee refused to take, and this suit is brought to recover a month's rent at the rate fixed by the original lease. The making of the new agreement is denied by appellee, but, conceding it was made as appellant alleges it was, the question arises as to the effect to be given to it.

The court found correctly, the "indenture of lease, date January 12, 1872, was never, by any instrument in writing sealed or unsealed, canceled, released, discharged or done away with." It is not insisted the lease was abrogated, but only that its terms were materially changed by the parol agreement.

The contract was executory, and it was not competent for the parties to change its terms by parol. The case of *Hume Bros. et al.* v. *Taylor et al.* 63 Ill. 43, is to the point, and is conclusive of the case at bar. It was there decided, a sealed executory contract can not be modified or in part changed by parol agreement, so as to authorize either party to sue upon it. To the same effect is *Chapman* v. *McGrew*, 20 Ill. 101.

The judgment was authorized by the law and the evidence, and must be affirmed.

*Judgment affirmed.*