Reeves v. Hyde.

## EDWIN F. REEVES
### v.
## WILLIAM J. HYDE.

LEASE UNDER SEAL—PAROL AGREEMENT.—Where appellant brought suit against appellee for $25, due on a lease under seal which contained no covenants to repair, and appellee showed that shortly after taking possession under such lease, appellant verbally agreed to build a new cistern, and endeavored to recoup the damages caused by a failure to fulfill such agreement. *Held,* that without a new consideration, the executory lease under seal could not be changed by parol so as to form the basis of an action or for recoupment.

ERROR to the Circuit Court of Kane county; the Hon. C. W. UPTON, Judge, presiding. Opinion filed February 29, 1884.

Mr. FRANK CROSBY, for plaintiff in error; as to adding to the terms of a written instrument by parol evidence, cited Chapman v. McGrew, 20 Ill. 101; Hume v. Taylor 63 Ill. 43; Barnett v. Barnes, 73 Ill. 216; Dutton v. Gerrish, 9 Cushing, 94.

As no new consideration for the alleged agreement moved between the parties, it was void in law: Merkle v. Wehrheim, 32 Ill. 534; I. B. & W. Ry. Co. v. Rhodes, 76 Ill. 285.

As to implied covenants in a lease: Gazzolo v. Chambers, 73 Ill. 75.

Mr. J. A. RUSSELL, for defendant in error; as to the right to recoup damages of the character sustained by defendant, cited Lunn v. Gage, 37 Ill. 19; Tupper v. Rowley, 73 Ill. 262.

LACEY, P. J.   This was a suit commenced before a justice of the peace and taken by appeal to the circuit court, and there tried before a court and a jury and resulted in a verdict in favor of appellee, who was the defendant below.   The suit was based on a lease under seal by which appellant had leased to appellee a cottage in the city of Elgin for one year from May 1, 1882, for the sum of $300, $25 payable monthly, with ordinary covenants.   The plaintiff, appellant, showed in order to sustain his case that there was $25 due on the lease at the time the suit was commenced, and rested.

To sustain the defense the appellee testified that he occupied the premises for nine months; that shortly after taking possession he had a talk with the plaintiff about the well on the premises and about a cistern, and he agreed to put in a new cistern that should be as good as any in town; also that he would put the well in good order; he finally put in a cistern about a month after appellee took possession, but the cistern leaked and he did not have soft water more than six weeks of his tenancy, and five of his boarders left on that account.   The damage from failure of cistern and bad condition of the well was reasonably worth $2 per week.

The verdict was for the appellee and judgment against appellant for costs; and he appealed to this court and assigns for error that the court erred in not giving his first refused instruction.   The verdict was against the law and the evidence and the court erred in not granting a new trial.

The point made by the appellant is that the lease, being under seal and no new consideration having passed, could not be changed, altered or enlarged by parol agreement; and as the original lease contained no covenant for repairs the appellant was not bound to repair.   That the only implied covenant was for quiet enjoyment.   That therefore the agreement to build a new cistern or repair the well was void, and could not form a basis for recoupment.

Appellant cites for authority the following decisions of the Supreme Court, to show that an executory lease under seal can not, without a new consideration, be· changed by parol so as to form the basis of an action, or for recoupment; to wit: Chapman v. McGrew, 20 Ill. 101; Hume Bros. v. Taylor, 63 Ill. 43; Barnett v. Barnes, 73 Ill. 216; Dutton v. Georist, 9 Cush. 94.

We think the authorities sustain the proposition, and that the evidence should have been excluded, or disregarded by the jury, as such contract was void; and that the first instruction offered by appellant should have been given, which is to the effect that " if the jury believe from the evidence that the defendant went into the possession of the premises named in the lease, and that in such lease no agreement is made by the plaintiff to provide a cistern or well, then as a matter of law the defendant can be assessed no damages for any defects in respect to a cistern or well, unless you believe from the evidence that by an agreement made between plaintiff and defendant after the execution of the lease, the plaintiff, for a consideration, agreed with the defendant to provide him with a cistern and well on the premises, and that defendant, by reason of plaintiff's failure to comply with such agreement, suffered money damages." The instruction is in harmony with the decisions of the Supreme Court and should have been given. By the terms of the lease the appellant was not · bound to repair the well or make a new cistern, and no such covenant could be implied: Gazzolo v. Chambers, 73 Ill. 75. Hence any agreement to do these things without a new consideration would be changing a lease under seal while it was still executory, and would be void under the law.

For the error of the court in refusing the instruction and because the verdict is manifestly against the weight of the evidence, the judgment is reversed and the cause remanded.

Reversed and remanded.