ROBERT P. LEWIS AND ARTHUR C. GEHR, EXEC-UTORS,

v.

PAULINE V. FISH, ADMINISTRATRIX.

*Landlord and Tenant—Lease—Surrender—Deposition—Secs. 26, 28, Chap. 5, R. S.—Practice.*

1.  The terms of a sealed instrument can not be varied by parol.

2.  A surrender of a lease can not be affected by the act of one party only; the concurrence in some way of lessor and lessee is necessary in order to accomplish such end.

3.  The party who gives notice that he will sue out a *dedimus* to take the testimony of a witness upon written interrogatories, after receiving notice that the party to whom the notice was given has elected to take the deposition upon oral interrogatories, should reply with a notice of the time and place where such deposition will be taken upon oral interrogatories in accordance with the statute; he is the party desiring the testimony and should give notice of the time and place for taking the same.

4.  A motion to suppress a deposition taken upon written interrogatories, should be sustained, where subsequent to the giving of notice of the intention to take the same, the opposite party gave notice of his election to take it upon oral interrogatories.

5. Sec. 28, Chap. 51, R. S., does not contemplate the issuing of two commissions, one to take the testimony upon written, and the other upon oral interrogatories.

6. When the examination is to be upon oral interrogatories, the party desiring the testimony must begin the interrogation. His questions are in chief, and his adversary has the right to cross-examine.

[Opinion filed March 13, 1891.]

Appeal from the Circuit Court of Cook County; the Hon. S. P. McConnell, Judge, presiding.

Mr. Samuel Whipple Gehr, for appellants.

This suit is brought upon the covenants of Fish. Whether the seal of Sherman was affixed with due authority is wholly immaterial. The lease was for one year. It is conceded that Gehr had authority to make the lease; that Fish went into and held possession under it. Viewing the instrument as the mere simple contract of Sherman, it was sufficient to legally create the term of one year, and therefore sufficient to support the covenant of Fish to pay rent, and other covenants incident to the creation of a term.

It is not necessary to the mutuality of an agreement that the remedy should be the same. Whart. on Cont., Sec. 688; Leake on Cont., 141; Poor Directors v. McFadden, 1 Grant's Cases, 230; Grove v. Hodges, 55 Pa. St. 504; School Directors v. McBride, 22 Pa. St. 215; Libbey v. Staples, 39 Me. 166.

In Poor Directors v. McFadden, *supra*, the court say:

"This is the defendant's covenant, and that is all that it is alleged to be. It is not void because of its defective execution, as a covenant by the plaintiffs. They may sue on it in covenant, though possibly a suit upon it against them might need to be in assumpsit."

In Grove v. Hodges, *supra*, a grant or lease was signed and sealed by an agent in the name of his principal, no sealed authority being shown. The court say (*loc. cit.*, 515):

"No sealed authority is shown, however, for McHugh's action, nor is Irwin shown to have adopted the seal which was affixed, or to have ratified the sealing by any sealed

instrument, though there is evidence that he accepted the contract as made. It must be taken, therefore, that the deed is not the deed of Irwin. None of the covenants which it contains are his covenants. Yet it does not necessarily follow from this that the contract between the parties to it was not mutual. * * * It is assuredly plain law that if a party who has not put his name to a written contract, accepts it when signed by the other party, it binds him the same as if he had signed it. Even mutual executory agreements are held binding upon both parties, though one may have signed and sealed, and the other signed but not sealed, though the agreements contain the words 'witness the hands and seals of the parties,' thus manifesting an intention that both should seal. The legal principle that contracts must be mutual, that they must bind both parties or neither, does not then mean that in every case each party must have the same remedy for a breach by the other. Covenant may lie against one, when only assumpsit can be maintained against the other."

In School Directors v. McBride, *supra*, the court say :

"Let it be assumed that there was no authority to seal the instrument on the part of the plaintiffs, then it would stand as their simple contract, if the authority went. that far. But a simple contract on one side is a sufficient consideration for a covenant on the other, and in strict law a covenant is binding without any consideration."

The covenant might have been sued upon, though Sherman had not executed the lease. Possession was delivered to Fish and enjoyed by him and his representatives until abandoned.

Harms v. McCormick, 30 Ill. App. 125, is cited by counsel for appellee. It is there held that a surrender of a lease is not required by the statute of frauds in this State to be in writing, upon the *dictum* of Dean v. Walker, 107 Ill. 540, that by Sec. 19, Ch. 110, a third person for whose benefit a covenant is made may sue upon the covenant, though not a party to the deed.

The subject discussed in the opening brief involves no consideration of the statute of frauds. As to the latter branch

of the case, the holding of this court was reversed upon appeal, and the dictum of Dean v. Walker overruled. Harms v. McCormick, 132 Ill. 104.

As to testimony relating to the release of the tenants' obligation for rent, the Supreme court say (*loc. cit.*, 111):

" Considerable space is occupied by counsel in the discussion of the testimony bearing upon the defense interposed at the trial, .that under an alleged agreement appellants surrendered possession of the premises before May 1, 1886, and such possession was accepted, and in consideration thereof appellants released from the payment of rent from and after said last mentioned date. No objections, however, to the rulings of the court upon the instructions or otherwise, in respect to this branch of the case are pointed out, and we have neither authority nor inclination to pass upon the issues of fact discussed."

Mr. A. N. Taggert, for appellee.

The continued change of possession during the months January to May, for which rent is claimed in this suit, presented a bar to any recovery. Dills v. Stobie, 81 Ill. 202.

The lease did not provide for a re-letting in case the premises were vacated, as some forms do, but only in case they were abandoned; which includes in addition to a vacating also the relinquishment of all purpose to make any disposition of the premises. The evidence showed conclusively that the purpose of the defendant in vacating the premises was to make a disposition of them for the whole of the remaining term of the lease by surrendering the store to the landlord in satisfaction of all rent due and to become due under its terms. Worcester's and Bouvier's Dictionaries—Abandonment.

Neither judge nor jury in any of the three trials of this case could find any ground to support the claim of abandonment.

The new lease given by the plaintiff to the rubber company was itself conclusive evidence of a surrender by defendant and acceptance by the landlord, and barred all right to recovery in this case. Wood, Landlord & Tenant, 883.

The premises not having been abandoned the landlord could

not vest the possession in a new tenant without first having received a surrender of possession from defendant; this is a conclusion of law, and the words of Gehr's mouth, saying he has not or did not accept a surrender, does not obviate this conclusion. Leiter v. Pike, 127 Ill. 287; see page 317; Taylor's Landlord & Tenant, 839.

A satisfaction of the debt by payment at any time, and in any manner shown by parol evidence, is a complete bar to an action of any kind; and this is the distinction, as I understand, between a plea of technical release, which puts the defense on the terms of a deed, and a plea of payment, or accord and satisfaction. White v. Walker, 31 Ill. 422; Chitty's Pleading, Vol. I, star page 485.

WATERMAN, J. In April, 1887, Charles H. Sherman, by A. C. Gehr & Co., his agents, leased to Charles W. Fish, No. 150 Lake street, from May 1, 1887, to May 1, 1888, at a rental of $300 per month. The lease was under the seal of Fish. Fish went into possession of the premises October 22, 1887, and died, and appellee was appointed administratrix of his estate.

Appellee, as his administratrix, continued to occupy the premises until the latter part of December, when she moved out, and on the 31st of that month tendered the keys of the building to Gehr, who refused to receive them.

The lease contained the following provision: "And it is further expressly understood and agreed between the said parties that in case the said party of the second part shall abandon said premises, or any part thereof, during the continuance of said term, the said party of the first part may, at his option, without notice, and either in his own name or as agent of the said party of the second part, re-let said premises, or any part thereof, on such terms and for such rent as he may deem expedient or proper; and such re-letting shall not operate as a termination of this lease, or as a waiver of any right whatever which the said party of the first part would otherwise have, to hold the said party of the second part responsible for the rent above reserved; and in case said premises, or any part thereof, shall be re-let, as aforesaid, the

said party of the first part shall collect the rent therefor from the person or persons to whom the same shall be re-let, and, after paying the expenses of such re-letting and collection, apply what remains of the amount received by him on account of the rent due, or to become due, from said party of the second part, under this lease."

About the 15th of January, Gehr demanded payment of the January rent from appellee, and one Cohen endeavored to rent the premises from her; to each she replied, in substance, that she had nothing to do with them.

January 24th, Sherman, by Gehr & Co., his agents, notified appellee that under the terms of the lease to Charles W. Fish, he had on her behalf rented the premises from February 1st to May 1st for $350, and should hold the estate of said Fish liable for the difference between that amount and $1,200. Sherman died in February, 1888, and his executors filed their claim in the Probate Court against the estate of Fish.

It was insisted in the court below that in October, 1887, Sherman, through Gehr, his agent, made an agreement with appellee that if she and A. N. Tagert, Esq., would become personally responsible for the October and November rent, and she would move out by January 1st, he would cancel the lease; and that it was in pursuance of such arrangement that she moved out. Gehr denied that any such agreement was made; and one of appellee's witnesses testified that about December 15th, before appellee had moved, and before she had rented another place, she was notified by Gehr that if she understood there was an agreement that the lease would be canceled if she moved out by January 1st, she was mistaken.

It is manifest that the promise, if any there was, of Tagert and appellee to be personally responsible for the October and November rent, was a mere *nudum pactum;* it is not claimed that the promise was in writing, nor does it appear that they ever acted thereon; no rent appears to have been paid by either; the estate of Fish was bound for the rent, and it would, upon application to the Probate Court, have been compelled to pay the same or vacate the premises. The oral agreement, if any there was, to cancel the lease, would in

an action at law be treated as void because the terms of a sealed instrument can not be varied by parol. Chapman v. McGrew, 20 Ill. 101; Humes Bros. v. Taylor, 63 Ill. 43; Loach v. Farnum, 90 Ill. 368; Barnett v. Barnes, 73 Ill. 217; Reeves v. Hyde, 14 Ill. App. 233; Breher v. Reese, 17 Ill. App. 545.

This being a proceeding originating in the Probate Court, which, in respect to claims against the estates, possesses equity powers, the question arises as to whether appellee is equitably entitled to have the lease declared to have been canceled. Dixon v. Buell, 21 Ill. 203 ; Hurd v. Slaten, 43 Ill. 348 ; Wolf v. Beaird, 123 Ill. 585.

As we have seen, the agreement of itself had no validity ; the estate of Charles W. Fish was not, by virtue of anything done in October, under any obligation to move out in December; the equitable claim to insist that there was a surrender must, therefore, rest entirely upon what was done, and not upon what was agreed should be done. Prior to the moving out, and prior to the incurring of any obligation for other premises, appellee was informed that she was mistaken in thinking that there had been, or was, any arrangement that she might move out, and that thereby the lease would be canceled. The rights she could thereafter acquire by any act on her part, would depend upon the subsequent conduct of the lessor ; he, through Gehr, his agent, refused to accept a surrender of the premises, and in accordance with the lease rented them on account of the estate for which she was administratrix. She moved out, not because she was requested or bound to do so, but merely because she so wished ; by so doing she acquired no equitable right to have the lease canceled. No equitable claim for a cancellation of the lease is shown.

It is true that a surrender of a lease need not be in writing and that the question of whether there was a surrender in this case was one of fact for the consideration of the jury; and it may be said that they have found that there was a surrender; but the trouble with such finding is, that the evidence is utterly insufficient to sustain it. A surrender can not be effected by the act of only one party; the concurrence, in some way, of lessor and lessee is necessary in order to accomplish a

surrender. Here, whatever the lessee may have done, it is undisputed that the lessor refused to accept a surrender, and no act on his part is shown which is either an acceptance of, or an acting upon, a surrender.

The instruction given by the court below treats the alleged agreement for a surrender as if it, if made, would be valid and binding upon both parties; whereas, it would have bound neither.

The defendant below, on March 28, 1890, gave notice that she would, on April 7th, sue out a *dedimus* to take the deposition of Thomas Motherwell, upon written interrogatories; whereupon the plaintiffs on April 4th gave notice that they elected to take the same upon oral interrogatories. A *dedimus* to take the deposition upon written interrogatories was issued, and the deposition having been thus taken, was filed in court. Plaintiffs then moved to suppress the same, which motion was overruled.

The motion should have been sustained. The statute, Sec. 28 of Chap. 51, provides: "When a party shall desire to take the evidence of a non-resident witness, to be used in any cause pending in this State, the party desiring the same, or, when notice shall have been given that a commission to take the testimony of a non-resident witness will be applied for, the opposite party, upon giving the other three days notice in writing of his election so to do, may have a commission directed in the same manner as provided in section 26 of this act, to take such evidence upon interrogatories to be propounded to the witness orally; upon the taking of which each party may appear before the commission in person, or by attorney, and interrogate the witness. The party desiring such testimony shall give to the other the following notice of the time and place of taking the same, to-wit: Ten days, and one day in addition thereto (Sundays included) for every one hundred miles travel from the place of holding the court to the place where such deposition is to be taken." This does not contemplate the issuing of two commissions, one to take the testimony upon written, and the other upon oral interrogatories. Very frequently the party giving the return notice has

no acquaintance with the witness and no knowledge as to where he can be found. When the examination is to be upon oral interrogatories, the party desiring the testimony must begin the interrogation; his questions are in chief, and his adversary has the right to cross-examine.

The party who gives notice that he will sue out a *dedimus* to take the testimony upon written interrogatories, after receiving notice that the party to whom the notice was given has elected to take the deposition upon oral interrogatories, should reply with a notice of the time and place where such deposition will be taken upon oral interrogatories, in accordance with the statute; he is the party desiring the testimony, and he should give notice of the time and place for taking the same.

The judgment of the court below will be reversed and the cause remanded.

*Reversed and remanded.*