JOHN SAUBER

v.

TIMOTHY COLLINS.

*Landlord and Tenant—Recovery of Rent—Guaranty—Surrender—Practice—Instructions.*

1. The terms of a lease under seal can not be varied by parol.
2. An instruction that does no harm should not be complained of.
3. This court declines, in view of the evidence, to interfere with the judgment for the plaintiff in an action brought to recover upon a guaranty of the payment of rent.

[Opinion filed April 8, 1891.]

APPEAL from the Circuit Court of Cook County; the Hon. S. P. McCONNELL, Judge, presiding.

Messrs. RUBENS & MOTT, for appellant.

Messrs. WINDES & SULLIVAN, for appellee.

WATERMAN, J.  Appellee rented certain premises to one Kronberg, and appellant guaranty the payment of rent by the lessee. Kronberg abandoned the premises, claiming to have done so under a verbal agreement previously made with appellee for a surrender.

Appellant, being sued upon his guaranty, set up that the lease had been surrendered. The evidence came far short of establishing either an agreement to surrender or an acceptance of the abandonment as a surrender. The lease was under seal and its terms could not be varied by parol. Chapman v. McGrew, 20 Ill. 100; Humes Bros. v. Taylor, 63 Ill. 43; Barnett v. Barnes, 73 Ill. 216; Reeves v. Hyde, 14 Ill. App. 233; Breher v. Reese, 17 Ill. App. 545; Lewis v. Fish, 40 Ill. App. 372; I. C. R. R. Co. v. B. & O. & C. R. R., Co., 23 Ill. App. 531; Same v. Same, October term, Supreme Court, Ills.

Appellee voluntarily introduced evidence reducing the

amount, which by the terms of the lease and guaranty he was apparently entitled to recover from $550 to $131.50, and while the peremptory instruction to the jury, to find for him that amount, ought not to have been given, yet as the jury ought under the evidence to have so found, the instruction did no harm.

The verdict was in accordance with the law and the evidence, and the judgment of the court below is affirmed.

*Affirmed.*