## Michael B. Leavitt v. Frank J. Stern.

1. SEALED INSTRUMENT—*Not to be Modified by Parol.*—It is not competent either at common law or under the statutes of this State, to modify or change a sealed instrument by proof of a subsequent parol contract.

2. STATUTE OF FRAUDS—*Interest in Lands for More than a Year.*—A contract creating an interest in land for a longer period than one year from the making thereof must be in writing.

**Memorandum.** — Action for rent. In the Circuit Court of Cook County; the Hon. THOMAS G. WINDES, Judge, presiding. Judgment entered by *cognovit* vacated and leave given defendant to plead; plea, general issue; trial by jury; verdict and judgment for plaintiff; appeal by defendant. Heard in this court at the October term, 1894, and affirmed. Opinion filed December 6, 1894.

Leavitt v. Stern.

Appellant's Brief, Case, Hogan & Case, Attorneys.

We contend the evidence was admissible and competent on the following grounds:

To show that the lease upon which the suit was brought was terminated by the act of the parties, prior to the period when the default in rent was made, and that there was a total discharge of any obligation to pay under the lease sued upon.

In Murray v. Shave, 2 Duer (N. Y.) 183, the tenant requested to be allowed to give up her lease and the landlord thereupon entered into a new agreement with another person. This was held a verbal acceptance by the landlord of the tenant's offered surrender and discharged her from her liability on the lease. Commonwealth v. Conway, 1 Brewst. 509; Hammerston v. Stead, 3 B. & C. 478; Latimore et al. v. Harsen, 14 Johns. (N. Y.) 330.

That this is the general doctrine of the law can not be disputed. It seems to have emanated from the common maxim, *unum quod que dissolvitur ego ligimine quo ligatur;* but like other maxims this has received qualifications, and indeed was never true to the letter, for at all times, a bond, covenant or other sealed instrument might be defeated by parol evidence of payment, accord and satisfaction, etc. It is a general principle that where there is an agreement in writing it merges all previous conversations and parol agreements; but there are many cases in which a new parol contract has been admitted to be proved. And though when the suit is upon the written contract itself, it has been held that parol evidence should not be received, yet when the suit has been brought on the ground of a new subsequent agreement not in writing, parol evidence has been admitted. As to this point see Fleming v. Gilbert, 3 Johns. R. 558; Reating v. Price, 1 Johns. Cas. 22; Edwin v. Saunders, 1 Cowen 250; Dearborn v. Cross, 7 Cowen 48; LeFevre v. Le Fevre et al., 4 Serg. & Rawle, 241, is decisive upon Townshend v. Stangroom, 6 Ves. 404; Thresh v. Lake, 1 Esp. R. 53; Dearborn v. Cross, 7 Cowen 48; Ballard v. Walker, 3 Johns. Cas. 60; 3 Stark Ev., 1048; Burn v. Miller, 4 Taunt. 745.

" The general rule is, that no verbal agreements between the parties to a written contract, made before or at the time of the execution of such contract, are admissible to vary its terms or to affect its construction. All such verbal agreements are considered as varied by and merged in the written contract. But this rule does not apply to a subsequent oral agreement made on a new and valuable consideration, before the breach of the contract. Such a subsequent oral agreement may enlarge the time of performance, or may vary any other terms of the contract, or may waive and discharge it altogether." This rule is laid down by Lord Denman, in Goss v. Lord Nugent, 5 Barn. & Adolph. 65, as a well established principle, in these terms : " After the agreement has been reduced to writing, it is competent to the parties, at any time before the breach of it, by a new contract not in writing, either altogether to waive, dissolve or annul the former agreement, or in any manner to add to, or subtract from, or vary or qualify the terms of it, and thus to make a new contract; which is to be proved, partly by the written agreement, and partly by the subsequent verbal terms engrafted upon what will be thus left of the written agreement." The same principle, substantially, is maintained by numerous cases both in England and this country. Milton v. Edgworth, 5 Bro. P. C. (2d Ed. 313); Bul. N. P. 152; 1 Mod. 262; 2 Mod. 259; 12 Mod. 538; 3 T. R. 590; 1 East, 631; 12 East, 578; 1 Esp. R. 54; 3 Stark. Ev., 1002; Chitty on Contracts (5th Am. Ed.), 108; 14 Johns. 330; 9 Cow. 115; 1 Johns. Cas. 22; 3 John. Cas. 60; 3 Johns. 531; 12 Wend. 446; 13 Wend. 71; 9 Pick. 298; 13 Pick. 446; 2 Watts, 456; 5 Cow. 497; 8 Cow. 50; 3 Fairf. 441; 4 N. Hamp. 40; 6 Habst. 174; 1 A. K. Marsh. 582.

Appellee's Brief, W. A. Sheridan, Attorney.

Whatever may be the law in other States—though I think there is substantial agreement among the authorities —it is well settled here, that no interest in land for a longer period than one year from the making of the contract can be created orally, and that leases create an interest in lands.

Wood v. Thomley, 56 Ill. 464;  Warner v. Hale, 65 Ill. 395; Wheeler v. Frankenthal, 78 Ill. 124; Creighton v. Saunders, 89 Ill. 543; Dougherty v. Catlett, 129 Ill. 431; Chicago Attachment Co. v. D. S. M. Co., 28 N. E. Rep. 959; Chicago Attachment Co. v. D. S. M Co., 142 Ill. 184.

"A part performance of a verbal contract within the statute of frauds, has no effect at law to take the case out of the operation of the statute.   The doctrine of part performance is one of equity and does not prevail at law." Wood v. Thomley, 58 Ill. 464;  Creighton v. Saunders, 89 Ill. 543;  Wheeler v. Frankenthal, 78 Ill. 124; Warner v. Hale, 65 Ill. 395;  Dougherty v. Catlett, 129 Ill. 431; Ill. Case Chicago Attachment Co. v. Davis S. M. Co., 28 N. E. Rep., p. 959.   Reversing same case on rehearing reported in 25 N. E. Rep. 669.   See, also, Chicago Attachment Co. v. Davis S. M. Co., 142 Ill. 184.

"A verbal contract within the condemnation of the statute of frauds can not be enforced in any way, either directly or indirectly, and can not be made, directly or indirectly, either the ground of a demand or the ground of a defense."   McGinnis v. Fernandez, 126 Ill. 238.

An oral agreement to cancel a lease under seal, is at law void.   Chapman v. McGrew, 29 Ill. 101; Hume Bros. v. Taylor, 63 Ill. 43; Barnet v. Barnes, 83 Ill. 216; Loach v. Farnum, 90 Ill. 368; Lewis v. Fish, 40 Ill. App. 372; Breher v. Breese, 17 Ill. App. 545.

A contract for the remainder of a term of a lease can not be, as counsel assumes, completely executed by the lessee by placing the assignee in the present possession of the property, for the assignee bargains, not for present possession only, but for possession for the remainder of the term, and this, of course, can not be wholly enjoyed until the end of the term.   Chicago Attachment Co. v. Davis S. M. Co. (Ill.), 28 N. E. Rep. 960; 142 Ill. 185.

MR. JUSTICE SHEPARD DELIVERED THE OPINION OF THE COURT.

The appellant was the lessee and in possession of a certain theater building and was sued by the owner, the appellee, for rent.

The lease under which appellant took possession was for a term of years, beginning September 1, 1890, and expiring August 31, 1894.

The judgment that was recovered represented the unpaid rent prior to and including the month of February, 1894, under the terms of that lease.

The defense was, in substance, that the appellant, being in possession of the theater, entered into an oral contract with the appellee on July 1, 1893, for a new lease upon different terms for a term of six years, of which the unexpired term of the then existing lease should comprise a part; that the old lease was canceled or merged into the new one, under which the appellant was thereafter to hold, and that in pursuance of that agreement appellant made repairs and incurred expenses for which he should be allowed, but which was refused by appellee. No new lease in writing was ever executed and the old lease was never canceled, unless by parol, and the statute of frauds was interposed against the defense of the appellant.

In their brief, counsel for appellant state the error of which they complain, as follows :

" At the close of plaintiff's case, when the defendant offered proof of the facts with reference to expenses incurred by him under an oral agreement with plaintiff, and also proof of facts tending to show a surrender of the old lease made by defendant and accepted by plaintiff, the learned trial court refused to admit the proffered evidence, and peremptorily directed a verdict for the plaintiff. For this error, as we maintain it was, this appeal is prosecuted."

The original lease, which was still in force and had more than a year to run when the alleged oral contract was made, was under seal, and it is well settled law that it is not competent, either at common law or under the laws of this State, to modify or change a sealed instrument by proof of a subsequent parol contract. B. & O. R. R. Co. v. I. C. R. R. Co., 137 Ill. 9; Moses v. Loomis (No. 5254, this term), filed Nov. 12, 1894; Lewis v. Fish, 40 Ill. App. 372.

The Circuit Court justly refused to admit the offered evidence of the parol contract, and the judgment will be affirmed.