## Isaac Alschuler v. Hanchel Schiff.

1. LEASE UNDER SEAL—*Subsequent Parol Agreement.*—It is not competent to modify or change the terms of a lease under seal, by proof of a subsequent parol understanding or agreement.

2. SAME—*Surrender of the Estate—Requisites.*—A lease can not be surrendered by the lessee alone. There must be an acceptance on the part of the landlord.

3. ACCEPTANCE—*Of a Surrender—What is Not Sufficient.*—A landlord stated to his tenant, who was holding under a sealed lease, the term of which had not expired, " I won't fix up anything for you; if you don't want to stay here you can move out." The tenant moved out, and gave the key to his bookkeeper to deliver to the landlord. He left it with the landlord's wife, who said she was glad of it. On the same evening the bookkeeper informed the landlord of what he had done. The landlord invited him to take a drink as he had done him a great favor. Some time afterward the landlord served a notice on the tenant repudiating the authority of his wife to accept the key. *Held,* there was no acceptance of the surrender sufficient to relieve the tenant from the payment of rent for the unexpired portion of the term.

**Debt for Rent.**—Appeal from the Superior Court of Cook County; the Hon. JOHN BARTON PAYNE, Judge, presiding. Heard in this court at the March term, 1895. Affirmed. Opinion filed June 3, 1895.

MOSES, PAM & KENNEDY and M. D. BROWN, attorneys for appellant, cited the following authorities as bearing upon the question of surrender: Williams v. Vanderbilt, 145 Ill. 246.

There may be a parol surrender of a written lease. Baker v. Pratt, 15 Ill. 568.

There may be a surrender by an abandonment of the premises by the tenant and an entry into them by the landlord. 2 Wood's Land. and Ten., Sec. 494, pp. 1169 to 1173.

An executed agreement to surrender may operate as a surrender. Id. 1169. Execution of a new lease with the tenant's consent to another person who enters thereunder and pays rent, will amount to a surrender. Stobie v. Dills, 62 Ill. 432.

An agreement, either expressed, or inferable from the con-

duct of the parties, to release the original lessee and accept the new tenant, may operate as a surrender. Fry v. Patridge, 73 Ill. 51.

So will an actual and continual change of possession by the mutual consent of the parties, amount to a surrender by operation of law. Dills v. Stobie, 81 Ill. 202.

EDWARD J. WALSH, attorney for appellee, contended there was no surrender of the lease.

Wood, in his work on Landlord and Tenant, Vol. II, page 1174, says: " It has been held that an abandonment of the premises and a delivery of the keys to, and an acceptance of them by the landlord, amounts to a surrender, because from these circumstances a mutual agreement to that end may be presumed." (This doctrine is not applicable to Illinois, where the lease is under seal, and is only applicable to parol leases.) " But," observes the author further, " this is not regarded as a sound rule, and it is now held that something more than an abandonment by a tenant and a delivery to and an acceptance of the keys by the landlord must be shown. It must also be shown that he subsequently dealt with the property in such a manner as to clearly indicate that he regarded the tenant's estate at an end."

In action for rent, founded upon a lease under seal, the defendant can only be discharged from his obligation by proving an acceptance of surrender, or a release, or an eviction by the lessor. When neither one or another of these facts is positively shown, there is no question for the jury, and the court should instruct them to find for the plaintiff. Snyder v. Middleton, 4 Philadelphia Rep. 343.

A surrender will not be implied by law from the mere act of delivering the keys of the premises by the tenant to the landlord; but the landlord, in addition, must take possession. Ladd v. Smith, 6 Oregon 316.

Where the tenant moved away from the premises and sent the keys of the building to the landlord in a letter, which keys were not returned, the retention of the keys was not an acceptance of the surrender of the premises and

the landlord was not bound to tender a return.    Thomas v. Nelson, 69 N. Y. 118; Ogden v. Roe, 3 E. D. Smith, 312; Dietz v. Schmidt, 27 Ill. App. 114.

A tenant notified his landlord that he should leave his premises on the first of January, and was told if he did so, the landlord would let the premises on his account and hold him responsible for the rent. Subsequently the landlord sent a person to occupy the house, and the tenant moved out without further remark. Held, that this did not release the tenant from his lease. Bloomer v. Merrill, 1 Daly 485; see also, Pier v. Carr, 69 Penn. St. 326.

Mr. Justice Shepard delivered the opinion of the Court.

This was an action for rent for the months of February, March and April, 1894, which accrued upon a lease, under seal, of certain premises for the term of one year ending April 30, 1894.

The defense was an accepted surrender of the premises under an oral agreement by the parties to terminate the lease at the end of January, 1894.

The court struck out the evidence introduced by the defendant, the appellant here, tending to support the oral agreement, and surrender thereunder, and instructed the jury to bring in a verdict for the amount claimed by the appellee, which was done, and from the judgment entered upon the verdict this appeal is prosecuted.

The evidence offered by the plaintiff was confined to the introduction of the lease itself, and proof that the rent for the three months in question was unpaid.

On the part of the defendant (appellant), the evidence that was introduced is summarized in his brief, with the " statement, as follows:

" The evidence upon which the surrender rests is substantially as follows:

On or about the 7th day of January, 1894, the landlord, Schiff, asked for the January rent, 1894, which by the terms of the lease was due on the first of January, 1894. The

tenant, Alschuler, stated to the landlord, 'I will pay the rent, but I want you to fix up the place. I am damaged here every day, and I can not stay here until it is fixed.' Schiff said, 'I won't fix anything for you. If you don't want to stay here you can move out;' and the tenant said, 'All right.'

The tenant at once acted upon the arrangement, procured another place, and moved into it. He gave the key to the premises to his bookkeeper, and he took it to the landlord, Schiff, by leaving it with his wife, who said she was glad of it.

The evidence of O. S. Maser (the bookkeeper) showed that Schiff was met the same evening by him, and they had a talk about the keys. Schiff told him he was much obliged to him for bringing them, and he asked the witness to come into a saloon to take something to drink, because he had done him a big favor."

In order that the substance of all the evidence may be seen there should be added to the foregoing that the appellant moved out of the premises on the last day, or the last day but one, of January, and it was then that the key was delivered to appellee's wife; that thereafter the premises remained vacant until after the expiration of the term specified in the lease; that the lease contained covenants acknowledging that the lessee had received the premises in good order and that he would keep them in good repair at his own expense, and that the appellant testified to having received, a week or two after he moved out, a notice dated February first, 1893, signed by the appellee, repudiating authority by his, appellee's, wife, to accept the key, and refusing to accept a surrender of the lease, and stating that he would hold appellant to the terms thereof.

The appellee introduced no evidence in rebuttal, and the question is, whether, under the evidence introduced by the appellant, there was error in taking the case from the jury by the peremptory instruction to find for the appellee.

This is not the case of an accepted surrender of a lease under seal, nor that of an agreement to surrender in the future, followed by an acceptance.

Alschuler v. Schiff.

All the conversation had between the parties, stated to have occurred on or about the 7th or 8th of January, assuming, as we must, that it took place just as testified to, amounted to no valid agreement. Its effect was to vary by parol the terms of a sealed instrument, and as such was void. Lewis v. Fish, 40 Ill. App. 372.

And there was nothing shown to have occurred later that amounted to an acceptance by appellee of a surrender. The leaving of the key with appellee's wife did not bind him. There was no attempt to prove that she had authority to accept a surrender of the premises, and such authority will not be presumed. All that was done with the key was the act of the appellant only, and a lease can not be surrendered by the act of one party alone. Lewis v. Fish, *supra;* Stobie v. Dills, 62 Ill. 452.

The testimony of Maser, the bookkeeper, concerning the talk he had with appellee about the keys, is too indefinite to be treated as any evidence of an acceptance of surrender. The whole of his evidence on the subject of that conversation, taken from the transcript, is as follows:

"Q. Did you ever have any talk with Mr. Schiff about these keys? A. I met him the same evening and he told me he was much obliged, and told me to come in a saloon and take something because I done him a big favor."

Such evidence has no tendency to prove the acceptance of a surrender of the lease, or of the keys, even. Had it been submitted to the jury and they had found in favor of the appellant, it would have been the duty of the court to have set aside the verdict, on the ground that the evidence did not sustain an accepted surrender. Simmons v. Chicago & Tomah R. R. Co., 110 Ill. 340; Bartelott v. International Bank, 119 Ill. 259.

There was no other evidence offered tending in any manner to show an acceptance of the attempted surrender, and we think there was no error in the judgment, and it will be affirmed.

MR. JUSTICE GARY: I dissent.