## Mary Callahan v. J. S. Hyland and Joseph Gegan.

1. AGENT—*Where the Principal is Liable for the Torts of the Agent.*— It is only for the torts that occur in the course of the agency that the principal is liable. He is not liable for the torts of his agent in any matter beyond the scope of the agency, unless he has expressly authorized them, or has subsequently ratified them.

2. SAME—*Torts of—Presumptions.*—An agency to commit a tort will not be presumed, from the fact one is committed by the agent.

Trespass, for an assault and battery. Appeal from the Superior Court of Cook County; the Hon. PHILIP STEIN, Judge, presiding. Heard in this court at the March term, 1895. Affirmed. Opinion filed June 24, 1895.

MASTERSON & HAFT, attorneys for appellant, contended that the question as to whether Gegan had departed from the pursuit of his master's business under the evidence, was a question of fact which ought to have been left to the jury in this case.

In the law of contracts the related parties are usually called principal and agent; in the non-contract law, master and servant. Bishop, N. C. L., 692 and 696.

The appellant was an innocent party to the transaction between Hyland and Mrs. Hathaway, and ought to recover.

If such injured person had no voice in the transaction, and the wrong was simply thrust upon him, still, it having been done in the business and on behalf of one who had put the doer in a position to accomplish it, and had prompted him to action, such master, however innocent in fact, should bear the loss rather than one who had done nothing to bring it upon himself. Bishop, N. C. L., 608.

" If one's servant, by performing an act which the master has authorized, injures another in a way which would render the master liable, were it done by himself, he is to the same extent responsible to the person injured." Bishop, N. C. L., 609, 610 and 613.

If a trespass is committed in pursuance of the master's orders, in defense of the master's property, to maintain its possession or to aid in its protection, the master will be liable for an assault committed by the servant in such employment, even though he expressly directed him not to commit it. Barden v. Felch, 109 Mass. 154.

Having set in motion the agency for producing mischief, he is bound at his peril to prevent mischievous results. Pittsburg, Ft. W. & C. R. Co. v. Ruby, 38 Ind. 312; Hamilton v. Third Avenue R. Co., 53 N. Y. 25; Shea v. Sixth Ave. R. Co., 62 N. Y. 180; Goddard v. G. T. R. Co., 57 Me. 202; Ramsden v. Boston & A. R. Co., 104 Mass. 117; Bryant v. Rich, 106 Mass. 180; Sherley v. Billings, 8 Bush 147; Atlantic & G. W. R. Co. v. Dunn, 19 Ohio 162; Passenger R. Co. v. Young, 21 Ohio 518; Armstrong v. Cooley, 10 Ill. 509; Crockett v. Calvert, 8 Ind. 127; Douglas v. Stephens, 18 Mo. 362; Arthur v. Balch, 23 N. H. 157; Aycrigg v. N. Y. & E. R. Co., 30 N. J. L. 460; Byram v. McGuire, 3 Head 530; Wilkins v. Gilmore, 2 Humph. 140.

Hyland put Gegan in his own stead, and he is bound by what Gegan did in his effort to procure the books or the money. Sanford v. Eighth Ave. R. Co., 23 N. Y. 343; L. S. & M. S. R. Co. v. Rosenzweig, 113 Pa. 519; P., A. & M. P. R. Co. v. Donahue, 70 Pa. 119; Hays v. Millar, 77 Pa. 238; McClung v. Dearborn, 8 L. R. A. 204.

JAMES HENRY and CHARLES O'DONNELL, attorneys for appellee J. S. Hyland.

To hold in this case that the appellee Hyland was responsible for the assault committed by Gegan on the appellant, would be such an extension of the doctrine of the liability of a principal for the tortious acts of an agent,

that we venture to say no authority can be produced to go to such an extreme from among the decisions of any English or American court of record.

The law regarding the liability of a principal for the tortious acts of his agent is found clearly expressed in Sec. 456 in the ninth American edition of Story on Agency: "But although the principal is thus liable for the torts and negligences of his agent, we are to understand the doctrine with its just limitations, that the tort or negligence occurs in the course of the agency. For the principal is not liable for the torts or negligences of his agent in any matters beyond the scope of the agency, unless he has expressly authorized them to be done, or he has subsequently adopted them for his own use or benefit. Hence it is that the principal is never liable for the unauthorized, the willful, or the malicious act or trespass of his agent." The leading authority upon which Judge Story bases this exposition of the law is McManus v. Crickett, 1 East 106. The judgment of Lord Kenyon in that case states the law on the subject with fullness and accuracy. He says: "And it is laid down by Holt, C. J., in Middleton v. Fowler, Salk. 282, as a general position, that 'no master is chargeable with the acts of his servant, but when he acts in the execution of the authority given him.' Now, when a servant quits sight of the object for which he is employed, and, without having in view his master's orders, pursues that which his own malice suggests, he no longer acts in pursuance of the authority given him, and according to the doctrine of Lord Holt, his master will not be answerable for such act." See also Fuller v. Voght, 13 Ill. 285; Wood v. Williams, 142 Ill. 280; Dalley v. Young, 3 Brad. 39; Johnson v. Barber, 5 Gilm. 425; I. C. Ry. Co. v. Ross, 31 Ill. App. 170; Oxford v. Peter, 28 Ill. 434.

Appellee also cites the following English authorities which are favorably commented on in American text-books upon the subject in controversy, as they appear in every respect to be parallel in their legal bearing with the case in issue here: Bollingbroke v. Swindon Local Board, L. R., 9 C. P. 595; Roe v. The Birkenhead, etc., Railway Co., 7 Eng. Law

& Eq. 546; 7 Exch. 36; Eastern Counties Ry. Co. v. Brown, 2 Eng. Law & Eq. 406.

A principal or master is not liable for the acts of his agent or servant not within the real or apparent scope of his employment. If the agent or servant, therefore, steps outside of the employment to do some act for himself not connected with his principal's business, the latter will not be liable for the agent's negligence while so engaged. If the act was done while the agent or servant was at liberty from the service, and was pursuing his own ends exclusively, the principal is not liable. Mechem on Agency, Sections 737, 740; Gilliam v. South. & Alabama R., 70 Ala. 268; Porter v. Chicago, etc., Ry., 41 Iowa 358; Stevens v. Woodward, 6 Q. B. Div. 318; Mitchell v. Craswell, 13 Com. Bench 237; Story v. Ashton, L. R. A. 4 Q. B. 476

MR. JUSTICE SHEPARD DELIVERED THE OPINION OF THE COURT.

This was an action of trespass brought by the appellant against the appellee Hyland and one Joseph Gegan, the latter of whom was not served and did not appear or defend.

At the conclusion of the evidence on behalf of the plaintiff, appellant, the court instructed the jury to find the defendant, the appellee Hyland, not guilty, and judgment was given accordingly.

Hyland was a publisher of books, which he sold on what is known as the installment plan. One Mrs. Hathaway, a tenant of the appellant, purchased two volumes from an agent of Hyland, paying one dollar down and agreeing to pay six dollars more in monthly installments of one dollar each, with an option to her to pay five dollars at one time in discharge of her agreement.

Before the first monthly installment of one dollar became due, Mrs. Hathaway exercised the option and paid five dollars to Hyland, at his place of business, and obtained a receipt in full.

Shortly after having done so, Gegan, who was an agent of Hyland, called at Mrs. Hathaway's home to collect an

installment, and was told by the latter that she had paid in full, and Gegan expressing a doubt of her truthfulness, she showed him the receipt.

He still doubted, and she thereupon told him she could still further prove the payment by the landlady, the appellant, who lived in the front house on the same lot on which her house stood in the rear.   They then went into appellant's house and Gegan was there told by appellant that she knew the money had been paid, and referred him to the receipt held by Mrs. Hathaway, which was again exhibited to Gegan.   Gegan being probably drunk, persisted in his demand for money, and became abusive and vociferous in his language to the women.   The appellant then told Mrs. Hathaway to take her receipt and go away and take Gegan away; that she could do nothing with him; and Mrs. Hathaway then went down the stairs, leaving Gegan at appellant's kitchen door.

Gegan then turned on appellant and saying that he had come to get the money or the books, he seized her and said he would take a little money out of her, and commenced beating her.   The noise and confusion brought assistance and Gegan was taken away by the police.

The question is, was Hyland responsible for the acts of Gegan.

It is not disputed but that Gegan was Hyland's agent to go to Mrs. Hathaway's and get the money or the books, and that he said to the women that he was going to get one or the other.

The inference from the evidence is irresistible that the attack by Gegan upon the appellant was wanton, willful and malicious.   He was not sent to obtain anything from her. To hold Hyland responsible for the beating of her by Gegan would be tantamount to holding that he would have been responsible for an attack by Gegan upon any person the latter might have met while proceeding to or from Mrs. Hathaway's.

It is only for the torts that occur in the course of the agency that the principal is liable.   He is not liable for the

torts of his agent in any matter beyond the scope of the agency, unless he has expressly authorized them, or has subsequently ratified them. Story on Agency (9th Ed.), Sec. 456; Mechem on Agency, Sec. 737; Fuller v. Voght, 13 Ill. 277; Wood v. Williams, 142 Ill. 269.

It was the lawful right of Hyland to employ an agent to make collections of money for books sold, and to demand a return of the books in case the money was not paid; and although in this case there was a mistake made by somebody with reference to Mrs. Hathaway having paid in full, the lawfulness of the agency was not thereby affected. But such agency did not extend to the committing of an assault and battery in order to get either, and an agency to do so will not be presumed from the fact that it was committed.

We held in Titcomb v. James, 57 Ill. App. 296, which was a case where one partner was sought to be held for the tortious conduct of another in trying to take possession of mortgaged chattels, that the agency of a partner does not extend to the doing of wanton, malicious or cruel acts, when such is not the ordinary or usual course employed by the firm, and that while, as a rule, partners are bound by the contracts with each other when made in the scope of the firm business, they are not generally answerable for the wrongs of each other; and that a willful tort of one partner is not in and by force of the partnership alone imputable to the firm.

The law with reference to the torts of an ordinary agent is certainly no broader than that applicable to the agent who is such because he is a partner.

The willfulness and maliciousness of the acts of Gegan can not be ascribed to Hyland under any evidence appearing in the record, and we think the action of the court in taking the case from the jury was entirely proper. Phillips v. Dickerson, 85 Ill. 11; Alschuler v. Schiff, 59 Ill. App. 51.

The judgment of the Superior Court is affirmed.