## Standard Brewery v. Joanna Kelly.

| 66 | 267 |
|---|---|
| 80 | 353 |
| 82 | 351 |

| 66 | 267 |
|---|---|
| 102 | ¹336 |

| 66 | 267 |
|---|---|
| 113 | ⁴ 81 |

1. ULTRA VIRES—*Guaranteeing the Payment of Rent.*—A corporation, authorized by its charter to carry on the business of manufacturing, buying and selling, both at wholesale and retail, of malted beer and fermented liquors, may, in consideration that a saloon keeper will sell its beer only, lawfully guarantee the payment of the rent of the place in which he does so.

2. SAME—*When the Defense of, Can Not be Made.*—When a corporation has received the benefit of a contract and the opposite contracting party suffered the detriment, the defense of *ultra vires* can not be made.

3. SEALED LEASE—*Reduction of Rent Not by Parol.*—An agreement to reduce the rent of a lease, under seal, to the extent of absolving a guarantor from his liability under a guaranty, also under seal, can not be made by parol.

4. WAIVER—*Errors Not Urged.*—Errors not urged in the Appellate Court are to be considered as waived.

Assumpsit, for rent. Appeal from the Circuit Court of Cook County; the Hon. CHARLES G. NEELY, Judge, presiding. Heard in this court at the March term, 1896. Affirmed. Opinion filed June 29, 1896.

## STATEMENT OF THE CASE.

In December, 1891, appellee made a lease to one Stone, of premises 97 West Madison street, from May, 1892, to April, 1895, reserving a rental of $225 per month until May 1, 1893; $250 per month until May 1, 1894, and $225 per month until the expiration of the lease; all payable in advance at the office of Thomas Brenan. Upon this lease the following indorsement appears :

"For value received, The Standard Brewery hereby guarantee the payment of the rent and the performance of the covenants by the party of the second part in the within lease covenanted and agreed, in manner and form as in said lease provided.

Witness .... hand and seal this ...... day of ........ A. D. 189—.

THE STANDARD BREWERY,

By AUGUST J. DEWES,

[CORPORATE SEAL.]                    Secretary."

In November, 1893, Stone was three months in default on his rent. The Standard Brewery had foreclosed a chattel mortgage given them by Stone, and were in possession of his saloon, Stone retaining possession of the living rooms above the saloon.

About the 11th of November, in response to a notice from Mrs. Kelly's attorney, the witnesses, Mr. McArdle, Joseph Kelly and Mr. Brenan, Mrs. Kelly's agent, who, it was

agreed, had full power in the matter, met Mr. Dewes, the treasurer of the brewery, and Sydney Stein, both witnesses for the defendant, at the office of Mr. Brenan, to come to an agreement regarding the premises in question.

There is no dispute but that it was then verbally agreed that the brewery should take possession of the said premises as tenant, instead of guarantor, and that there should be a reduction in the rent from the amount stated in the lease to Stone.    The claim for past due rent, amounting to $750, was compounded to $612.50, and a receipt given expressed to be " in settlement of rent for No. 97 West Madison street to December 1, 1893. "

It was also agreed that a further reduction for the months intervening between November, 1893, and May 1, 1894, from $250 to $212.50 should be made, and that thereafter the rental of the Standard Brewery should be the same as the rental in the original lease, namely, $225 per month.

It is disputed as to whether or not it was agreed at the said interview that this reduction should be conditioned upon the prompt payment for each succeeding month during the term, of the amount of rent to be paid by the appellant, and whether it was stated in the course of that conversation that any failure in the future to make such payments should create a liability on the part of the defendant, the Standard Brewery, for the previous reductions, or difference in amount between the rental reserved in the lease of Stone, and that in the new lease to the Standard Brewery.

It is also undisputed that at the request of the Standard Brewery, and for the purpose of getting Stone out of the upper part of the house, a new lease was drafted by McArdle on the day after the conversation.    This lease, as tendered by McArdle, recited the provisions of the lease to Stone and contained express covenants that the difference in the rent was to be forfeited by the brewery in case it failed to pay its rent promptly from month to month.

It is also undisputed that this new lease, although signed by Mrs. Kelly, was never signed by the appellant, but after

remaining for some days in the hands of appellant's attorney, Mr. Stein, was carried by Joseph Kelly to the office of appellant, and that there the appellant refused to sign said lease, saying that it was not in accordance with the contract, and that they did not care for the lease at all, as they had succeeded in getting Stone out.

It is further undisputed that the brewery was in occupation of said premises down to the date of the expiration of the original lease, May 1, 1895, and that they continued to pay rent in the amounts agreed upon by way of reduction or change at the conversation of March 11th, until and including the month of December, 1894; that the rent was generally paid from the first to the middle of each month, but that on one occasion the rent was not paid until the 17th of the succeeding month, and on another time there was a small amount in arrears for each of four months. February 13, 1895, the rent for January and February not having been paid, this suit in assumpsit was begun by the appellee and a declaration filed in which the first count was based upon the guarantee; the second count was based on an alleged assignment by the said Stone to the said appellant, and an entry by the appellant thereunder; the third was the ordinary count for use and occupation of the premises, and the common counts were annexed.

The affidavit of claim stated that the demand was for rent due and owing under the lease and guarantee annexed to said declaration, which was the original lease to Stone. At the time of the commencement of the suit, $450 rent was due for the months of January and February, 1895. On the hearing the court found the issue for the plaintiff, and admitted evidence of the amount due down to the expiration of the term of the lease, two months after the commencement of the suit, and rendered judgment for the rent at the rate agreed of $225 per month, for the months of January, February, March and April, 1895, and also the full amount of the difference between the rent paid by the Standard Brewery and the amount of the original rental in the Stone lease, namely, $325, making a total judgment for the plaintiff of $1,220.

The defendant had pleaded the general issue, and by an order entered upon stipulation, was permitted to introduce in evidence any defense under the general issue that could be introduced under any pleas properly pleaded.

Stein & Platt, attorneys for appellant, contended that the contract of guarantee was *ultra vires* and void. Filon v. Miller Brewing Co., 15 N. Y. Supp. 57; Davis v. Railroad, 131 Mass. 258; Smith v. Alabama Company, 4 Ala. 558; Elevator Company v. R. R. Co., 85 Tenn. 703; Madison, etc., Co. v. Watertown, 4 Wis. 58; Lucas v. W. L. T. Co., 70 Iowa, 541.

Sullivan & McArdle, attorneys for appellee.

An agreement without consideration to reduce rent is a *nudum pactum* and not enforceable. Goldsborough v. Gable, 140 Ill. 269; 152 Ill. 594.

Corporations are presumed to contract within their chartered powers. Ry. Co. v. McCarty, 96 U. S. 267; Elkins v. Camden, 36 N. J. Eq. 241.

*Prima facie*, all contracts of corporations are valid and obligatory. Scottish Co. v. Stewart, 3 Macq. 382; Shrewsbury, etc., R. Co. v. N. W. R. Co., 6 H. L. Cas. 113; Wood's Ry. Law, 526.

The party asserting defense of *ultra vires* must show how and where the legal restraint arises or was imposed which renders contract *ultra vires*. Shrewsbury, etc., R. Co. v. N. W. R. Co., 6 H. L. Cas. 113; Elkins v. Camden, 36 N. J. Eq. 241; Ellerman v. Chi. J. Roll. Stock Co. (N. J. Eq.), 23 Atl. Rep. 287; Gorden v. Plattsmouth C. C. (Neb.) 54, N. W. R. 830.

Whether a corporation has power to make a certain contract is not always a question of law. Morawetz on Corpn., Sec. 362; Tod v. Kentucky U. L. Co., 57 Fed. Rep. 47.

An ordinary brewing company has power to guarantee lease of a saloon. Field v. Burr Brewing Co., 18 N. Y. S. 456.

A saddlery company has power in Illinois to bind itself by contract to subscribe $1,000 to the price of land to be presented to the United States for a postoffice, and can not defeat payment. B. S. Green Co. v. Blodgett, 55 Ill. App. 556.

And in Illinois, a hotel company, with very ordinary charter powers, has power to bind itself by contract to subscribe $1,000 to defray expenses of a military encampment. Richelieu Hotel Co. v. Mil. Enc. Co., 140 Ill. 248.

A street car company can bind itself by note to pay for establishing a base ball park. Temple St. Cable Car Co. v. Hellman, 103 Cal. 634; Van Dall v. San F. D. Co., 40 Cal. 83; Zeumwaldt v. Sac. City Ry. Co., 1 P. C. L. J. 123.

And even if the contract of a corporation be *ultra vires*, if it be performed by the other party and the corporation has received the consideration, the defense of *ultra vires* will not be entertained. Kadish v. Garden City E. L. & B. A., 151 Ill. 531; Benefit Ass'n v. Blue, 120 Ill. 121; Bradley v. Ballard, 55 Ill. 413; Heims Brewery v. Flannery, 137 Ill. 303.

And a detriment to the non-corporate contractor is sufficient consideration. Richelieu H. Co. v. Mil. Enc. Co., 140 Ill. 248; Hudson v. Green Hill Seminary, 113 Ill. 618.

Appellant can not deny on this record that it received a consideration for its guarantee. Richelieu Hotel Co. v. Mil. Enc. Co., 140 Ill. 248.

MR. JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

The charter of appellant contains the following:

" Second. The object for which it is formed is to carry on the business of manufacturing, buying and selling, both at wholesale and retail, of malted beer and fermented liquors, and all kinds of brewers' materials and supplies, and to carry on a general malting and brewing business in all its branches."

It is contended that the guaranty of appellant upon the lease made to Mr. Stone was *ultra vires*.

The business of appellant was to manufacture and sell, at

wholesale and retail, malted beer and fermented liquors, etc. Whatever was necessarily or naturally and properly incidental to such business, appellant had power to do. To sell beer at retail, it would be necessary to have a place in which to so vend; this place appellant might purchase or rent; it might also, in consideration that a saloon keeper would sell its beer, only, provide him a place or guarantee his lease. Field v. Burr Brewing Co., 18 N. Y. S. 456; Richelieu Hotel Co. v. Mil. Enc. Co., 140 Ill. 248; B. S. Green Co. v. Blodgett, 55 Ill. App. 556; Temple St. Cable Car Co. v. Hellman, 103 Cal. 634; National Brewing Co. v. Ahlgren, 63 Ill. App. 475; Selected Corporation Cases, June 15, 1896.

Appellant in the present case having received the benefit of the contract and appellee suffered the detriment, the defense of *ultra vires* can not now be made by appellant. Kadish v. Garden City E. L. & B. A., 151 Ill. 531; Benefit Ass'n v. Blue, 120 Ill. 121; Heims Brewery v. Flannery, 137 Ill. 309.

Appellant insists that the guaranteed lease was canceled by the agreement made November 13, 1893.

It was agreed that this should be done by the making of a new lease in place thereof. A new lease was drawn, signed by appellee, and submitted to appellant, whose officers refused to execute the same, saying that it was not in accordance with the agreement.

Notwithstanding this refusal appellee offered to carry out the agreement for the reduction of the rent, and only refused to make the reduction because the future rent was not paid promptly as it became due.

The agreement to reduce the rent, or rather to that extent to absolve appellant from its guaranty, was one that could not be made by parol, the guaranty being under seal. The terms of a sealed instrument can not be varied by parol. Pike v. Leiter, 25 Ill. App. 531–557; Leavitt v. Stern, 55 Ill. App. 416; Sauber v. Collins, 40 Ill. App. 426.

A settlement for the past due rent was made November 13, 1893; but the court has found in accordance with appel-

lee's contention, that this settlement was to be void if the future accruing rent was not promptly paid.

Appellant was bound only by its guaranty, and not by the proposed lease it refused to execute. The eleventh and thirteenth propositions of law tendered by appellant should have been held.

We do not think that otherwise the record is free from error in respect to propositions of law held and refused.

The finding and judgment were proper, and is sustained by the preponderance of the evidence, except as to the rent that accrued subsequent to the bringing of this suit, which error, not being here urged by appellant, is waived.

In the brief herein filed, it is not urged that the judgment should be set aside because of, or that there should be deducted therefrom, the rent which accrued after the beginning of this suit.

The judgment of the Circuit Court is therefore affirmed.