Jones, J.
Can a lessor and lessee, while the latter is in possession under an existing written lease, make a binding parol agreement before the expiration of such lease for a monthly tenancy that' is to continue from and after the original term? Upon this question, in the two foregoing cases, the nisi prius courts were not in accord. The court of appeals held that the continued possession of the tenant was referable only to the original contract of lease. In these cases the question arose in dif *348 ferent form. In the Bumiller case, if such oral agreement was valid, the testimony offered was competent and the charge to the jury was properly given. In the Kahn case it appears from the journal entry that the default judgment would have been set aside and the tenant’s defense admitted if the court had adjudged the defense to be valid.
The Ohio statute of frauds requires that such agreements as are in controversy here must be in writing in order, to be enforceable; but a parol agreement for the period claimed by the defendants in error would be valid if accompanied by a delivery of possession under such an agreement. (Moore v. Beasley, 3 Ohio, 294, and Grant v. Ramsey, 7 Ohio St., 158.) The divergence of legal view arises from the conception of the character and legal effect of continuous possession by a tenant under a parol contract made by him while in possession under his written lease. The court of appeals held that if there was an oral agreement for a monthly tenancy entered into between the lessor and lessee, while the latter was still in possession under his demise, the continuity of his possession was in law referable to the original contract, if nothing were proven further than the retention of possession’ and the payment of rent. No exactly similar question has been determined by the supreme court of this state in any reported case. However, counsel on both sides confidently claim that former decisions of this court, by analogy, support their several contentions.
It is well settled that in the absence of any agreement a yearly tenant, who holds over and continues *349 to pay rent as formerly under his previous term, becomes a tenant for another year under the same terms as in his original demise, and that the landlord, in the absence of such agreement, at the expiration of such term, may elect to treat him either as a trespasser or as a tenant for another year; and, as particularly germane to the principle here involved, it has been held by this court that a landlord, during the tenancy of his lessee, may enter into a valid oral arrangement providing for an increased rental for the ensuing year, and that, except as to such rental increase, the terms and conditions of the original lease will subsist. Moore v. Harter, 67 Ohio St., 250.
In the absence of any agreement, if a yearly tenant holds over his term, the law implies a contractual proposal on his part to hold over for another year upon the same terms and conditions as stipulated in his former term, and in such case the continuity of his possession is referable only to his former contract. It can be referable to no other, for no other exists. For that reason the principle has been established that the continuous possession of the tenant in such case is referable only to his former demise. It has been repeatedly held by this court that it is competent to show that the possession may be referable to such an oral agreement. And what could be more potent for that purpose than to show that the landlord and tenant agreed specifically for a monthly tenancy, which should begin at the termination of the existing term, and that the tenant remained in possession and the landlord yielded it at its expiration in pursuance of such *350 arrangement ? It is true that the statute requiring these contracts to be in writing was passed to prevent fraud. But to permit a lessor, who has allowed his tenant to continue in possession under an oral agreement for a monthly tenancy, to repudiate the transaction would permit the statute to legalize the fraud it was intended to suppress, and “under such circumstances, to enforce the statute, and .leave the party who has been put into possession, by virtue of an agreement, to be treated as a wrongdoer, would not only be repugnant to justice, but would make the statute a shield and protection for injustice.” Wilber v. Paine, 1 Ohio, 256, and Grant v. Ramsey, supra.
Either party may repudiate his own agreement before the same has been validated by possession taken thereunder. It is conceded that the oral agreement would not fall within the operation of the statute if the tenant actually moved out and then moved in again. This is a refinement of legal technicality that seems fatuous when viewed in the light of its 'common-sense application. In the case of either Bumiller or Kahn, at the moment when the prior lease expired, the lessor had the right of possession, with the option to treat the lessee either as a wrongdoer or as a tenant for another year. Permitting the tenant to remain in possession under an oral agreement is equivalent to an acquiescence in an implied reentry, and is a presumptive waiver of the technical requirement that the tenant must vacate and establish an actual reentry.
The presumption, that a tenant holding over after the expiration of a yearly term is a tenant *351 from year to year, is rebuttable; and to rebut this legal presumption the parties are permitted to show what their true intention was, where the tenant remained in possession at the expiration of his former term under a parol contract for a monthly tenancy and the landlord acquiesced therein.
In the case of Clinton Cloth Co. v. Gardner et al., 99 Ill., 152, the court, while holding that a tenant without a new arrangement with his landlord may be held for a presumptive renewal for the,ensuing year irrespective of the intention of the tenant alone, sustained a charge to the effect that the presumption might be rebutted if the jury found that the tenant remained in possession after the termination of the lease under an agreement with the landlord that such holding over should not operate as a renewal of the lease.
Ordinarily this court does not regard its unreported cases as judicial authority, for the reason that it is generally impossible to ascertain the concrete legal propositions involved and decided; but where a single question was involved, and that succinctly stated and decided, it cannot be said that such unreported case is wholly without influence. Hafer v. Corbin et al., 6 N. P., N. S., 468, a case similar to this, was decided by the superior court of Cincinnati in general term, wherein that court denied the validity of an oral contract for a monthly tenancy made with a tenant in possession, which monthly tenancy was to begin at the expiration of an existing term. This court, (Corbin et al. v. Hafer, 72 Ohio St., 685) without opinion, reversed the judgment of the general term, on authority of *352 Moore v. Harter, 67 Ohio St., 250. It remains, then, to determine whether the principle here involved has been decided, by analogy at least, in the case just cited; and it must be admitted that the dicta, and in one instance the syllabus, used in the earlier Ohio cases, have left the application of the legal principle in some confusion. In the case of Moore v. Harter, supra, upon an oral notification to the tenant while in possession under an existing term, the landlord was permitted to recover an increased rental to be paid during the ensuing year. The tenant neither agreed nor dissented. Had he agreed, the oral contract would have been invoked, as in this case. Not having dissented, the tenant was held to be bound for the new rental terms imposed, while the remaining terms and conditions of the original lease continued in force. Had the tenant expressed his assent, or had he himself proposed a change for the ensuing year which was acquiesced in by the landlord, or had the tenant, as in that case, merely refrained from specific assent to the changed terms, in each and every event the legal effect would be the same. The court held that the possession, beginning on April 1, 1895, at the expiration of the prior term, was referable to the oral stipulation made by the landlord. The principle in that case may be applied by analogy to this. There the landlord exercised the right to rebut the presumption that his tenant continued in possession under the conditions of his prior term. If the landlord has this right, it is difficult to perceive why a similar and reciprocal right can not be invoked by his tenant. If a lessor has the right *353 under these circumstances to stipulate orally for an increased rental, it follows that the lessee in like manner may agree with his landlord for a decreased rental; and in either case, if possession follows’ solely under such an arrangement, the parol agreement does not fall within the operation of the statute. “The right of the landlord to rebut the presumption as against the tenant necessarily confers upon the tenant the reciprocal right to rebut the presumption of a tenancy from year to year as against the landlord seeking to recover rent from him upon the assumption that he is a tenant from year to year.” 1 Underhill on Landlord and Tenant, Sec. 98.
The case of Baltimore & Ohio Rd. Co. v. West, 57 Ohio St., 161, can have no application, for the manifest reason that there was no new mutual agreement made between the landlord and tenant, and, therefore, the latter was held for the ensuing year under the principle that by holding over without such agreement he held impliedly under the terms and conditions of his original lease.
The case of Gladwell v. Holcomb et al., 60 Ohio St., 427, was one wherein a tenant sought to enforce a parol agreement and lease for the period of ten years. The case was correctly decided, and the third proposition of the syllabus is sound when applied to the facts therein stated. Under the authority of Baltimore & Ohio Rd. Co. v. West, supra, Gladwell’s oral lease was unenforceable under the statute, and his tenancy became one merely from year to year, a term which Holcomb, *354 the lessor, did not contest. Two early Ohio cases are frequently cited as apparently supporting the contention of the defendants in error in the instant cases. These are Armstrong v. Kattenhorn et al., 11 Ohio, 265, and Crawford & Murray v. Wick, 18 Ohio St., 190. In the latter case there was no agreement for any hold-over tenancy following an unexpired term, but an effort, was made orally to modify an existing lease by a change in its terms, effective during the life of the prior lease. It was not only a palpable case of attempting to circumvent the statute, but also a failure to take it out of the operation of the statute. The lessee being in present possession the title could not be dives,ted by parol. (Kelley et al. v. Stanbery et al., 13 Ohio, 408, and Barnett v. Barnes, 73 Ill., 216.) The lessor had no possession to yield under which his parol contract could be made effective.
In the instant case the landlord, at the expiration of the written term, did have the right of possession, with an election at that time either to treat his tenant as a trespasser or permit him to retain his possession in pursuance of their oral arrangement. In the case of Armstrong v. Kattenhorn et al., supra, it does not clearly appear whether the possession under the oral agreement was to be taken by the tenant while he occupied it under his former lease, or whether, it was so ambiguous as to be referable to either the old lease or to the new. The facts indicate that the case took the latter aspect; and that view seems to have been entertained by the j'udge delivering the opinion in the case of Moore v. Harter, supra, at page 254. *355 The opinion closes with the following language: “The continuing in possession, after notice from the landlord to the tenant that he could not do so except under prescribed conditions, is presumed to be a possession under the named conditions.” Paraphrasing that language, and applying it to the instant cases, it may be said that the continuing 'in possession by the tenants Bumiller and Kahn, after agreements with their landlords that they could do so under the prescribed conditions of monthly tenancy, is presumed to be possession under the named conditions, and such possession could not be referable to the former leases without showing that the landlords had repudiated their contracts prior to the time the continued possession began. It was for the jury to say, if they found that such an oral contract was made, whether or not the possession taken by the tenant, and acquiesced in by the landlord at the expiration of the former term, was in pursuance of and referable to the oral contract, if any, made by the parties.
The defendant Bumiller further answered that on June 6, 1911, he surrendered and delivered possession of the premises to Walker, who accepted the surrender and took possession of the premises. As the verdict of the jury was a general one on all the issues, the judgment of the trial court should be sustained if substantive proof of such surrender was offered at the trial; but there is not a particle of testimony offered tending to sustain the claim of surrender. Evidence tending to show that Walker took the key, advertised for a new tenant, and rented premises to others, did not tend to sus *356 tain Bumiller’s defense of surrender. There is no evidence tending to show consent or acquiescence in the surrender upon the part of Walker. Walker could not have done otherwise than he did; his acceptance of the key, advertising for a tenant, and renting of the premises, became his legal duty.
In the Bumiller case, the judgment of the court of appeals is reversed and that of the common pleas affirmed.
In the Kahn case, the judgments of the court of appeals and of the superior court are reversed, and cause remanded with instructions to the latter court to sustain the motion of Kahn to set aside the default judgment.

Judgments reversed.

Nichols, C. J., Wanamaker, Matthias and Donahue, JJ., concur.
Johnson, J., dissents.