[No. 19136.     In Bank.—August 31, 1894.]

## TEMPLE STREET CABLE RAILWAY, RESPONDENT, *v.* MARCO HELLMAN ET AL., APPELLANTS.

CORPORATIONS—STREET RAILWAY COMPANY—POWER TO EXECUTE NOTE—BASEBALL PARK—INCREASE OF BUSINESS.—A street railway corporation has power to execute a note to the conductor of a baseball park in consideration that he will discontinue his former place of business, and establish a first-class baseball park on a tract of land adjacent to the land of the street railway, with a view to increase its business.

ID.—BREACH OF CONTRACT—INDEMNITY FOR NOTE—ELECTION OF REMEDY.—Where the conductor of a baseball park gave a bond of indemnity with sureties for the amount of the note and interest upon his failure to comply with his contract, and, after partially complying with it, abandoned the enterprise and forfeited his lease, the street railway company may elect either to sue him for the profit it would have made by performance of the agreement, or to sue him and his sureties upon the contract of indemnity for the amount of the note and interest.

ID.—ACTION FOR INDEMNITY—PART PERFORMANCE—SETOFF.—In an action upon the bond of indemnity, whatever sums the street railway company received as the result of the part performance of the contract by the conductor of the baseball park, he and his sureties have a right to set off or deduct from the amount of the note and interest.

ID.—EXECUTION OF CORPORATE NOTE—ADMISSIONS IN CONTRACT—BURDEN OF PROOF—WANT OF AUTHORITY.—The admissions of the defendants, in the contract of indemnity given to the street railway company, of the execution of the note by it, are sufficient evidence, *prima facie*, to sustain a finding that the note of the corporation was duly executed, and to throw the burden upon the defendants to show want of authority on the part of the officers of the corporation to execute it.

ID.—CONTRACT GIVING RIGHT OF ACTION—PAYMENT OF NOTE BEFORE SUIT FOR INDEMNITY.—Where the defendants expressly agreed that an action might be immediately commenced upon the failure of the conductor of the baseball park to perform any of his agreements, irrespective of the payment or maturity of the note given by the street railway company, it is no objection to the right of the street railway company, to recover upon the bond of indemnity, that it had not paid its note before the action was commenced.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*Graff & Latham*, for Appellants.

Under the doctrine of *ultra vires* the plaintiff is not liable on the note, as it was given for a purpose entirely foreign to any thing contained in the articles of incorporation, and had no relation to its business. (*Hall* v. *Auburn Turnpike Co.*, 27 Cal. 256; 87 Am. Dec. 75.) As the consideration for the note had only partially failed, failure of consideration could not be pleaded in bar. (*Reese* v. *Gordon*, 19 Cal. 149.) Facts that cannot be pleaded in bar of a note are not sufficient to support an independent action between the parties. Damages for breach of contract is the only remedy. (*Hartman* v. *Reed*, 50 Cal. 485–88; *Lawrence* v. *Gayetty*, 78 Cal. 127–34; 12 Am. St. Rep. 29.) There was no evidence introduced upon which a finding for damages could be sustained. (*Winans* v. *Sierra Lumber Co.*, 66 Cal. 61–67.) The contract in this case is void, as it provides for a penalty and not liquidated damages. (*Daily* v. *Litchfield*, 10 Mich. 37; *Lyman* v. *Babcock*, 40 Wis. 517, 518; *Carpenter* v. *Lockhart*, 1 Ind. 434–43; *Hammer* v. *Breidenbach*, 31 Mo. 49; *Charleston Fruit Co.* v. *Bond*, 26 Fed. Rep. 18; *Wallis* v. *Carpenter*, 13 Allen, 19; *Cheddick* v. *Marsh*, 21 N. J. L. 463; *Lansing* v. *Dodd*, 45 N. J. L. 525; *Farrar* v. *Beeman*, 63 Tex. 175; *Pacific Factor Co.* v. *Adler*, 90 Cal. 110; 25 Am. St. Rep. 102.) There was no evidence of a resolution of the board of directors, and therefore the note was invalid. (*Alta Silver Min. Co.* v. *Alta Placer Min. Co.*, 78 Cal. 629; *Kahn* v. *Board of Supervisors*, 79 Cal. 388.) The plaintiff not having been paid the note, has no cause of action against the sureties. (*Estate of Hill*, 67 Cal. 238; *Stone* v. *Hammell*, 83 Cal. 550; 17 Am. St. Rep. 272.)

*Chapman & Hendrick*, for Respondent.

The extension of time for the performance of the contract is a sufficient consideration to sustain the contract. (*Chapman* v. *Morris*, 28 Cal. 393; *Guy* v. *Bibend*, 41 Cal. 322; *Naglee* v. *Lyman*, 14 Cal. 454, 455; *Belloc* v. *Davis*, 38 Cal. 256; *Frey* v. *Clifford*, 44 Cal. 341, 342; *Burkle* v. *Levy*, 70 Cal. 250.) Even if the contract were one of indemnity, the plaintiff was bound to pay the note before it could recover it. (*White* v. *Fratt*, 13 Cal. 524; *McBeth* v. *McIntyre*, 57 Cal. 49; *Campbell* v. *Rotering*, 42 Minn. 115.) The case was a proper one for the parties to agree upon a sum as liquidated damages. (Civ. Code, secs. 1670, 1671.) The note is not *ultra vires*. (*Vandall* v. *South San Francisco Dock Co.*, 40 Cal. 83; *Zeimwaldt* v. *Sacramento City R. R. Co.*, 1 P. C. L. J. 123; 2 Morawetz on Corporations, 664, and cases cited in note 3.)

BEATTY, C. J.—On May 5, 1890, the plaintiff was a corporation owning and engaged in operating a street railway at Los Angeles, and the defendant, Marco Hellman, was conducting a baseball park on First street in that city. For the purpose of increasing the traffic on its road the plaintiff at the date mentioned entered into an arrangement in pursuance of which it executed to Hellman its negotiable promissory note for $5,500, payable in two years, with interest at the rate of ten per cent per annum, which he transferred to a third party, who at the commencement of this action was the owner and holder thereof. In consideration of the receipt of this note Hellman on his part agreed, among other things, to discontinue the playing of baseball at the First-street grounds, and within sixty days to establish, and for two years thereafter to maintain, a first-class baseball park on a tract of land adjacent to plaintiff's line, of which he had become the lessee. He further agreed to give at the new grounds not less than one hundred and four games of baseball or other equivalent entertainment each year, to provide suitable accommo-

dations for the public, and to pay over to the plaintiff, monthly, ten per cent of the gross receipts for admissions.

The other defendants, in order to induce the plaintiff to· enter into this contract and to execute its said promissory note to Hellman, became his sureties on a bond in the penal sum of $7,000, .conditioned for the faithful performance by him of the principal contract, or in case of the violation of any of its stipulations, to save the plaintiff harmless on account of its promissory note.

Hellman having failed to complete his preparations to open the new grounds within sixty days, he and his sureties, on July 5th, obtained an extension of time until August 1st, and on the 2d of August they obtained a further extension of time until October 1st. Both of these extension agreements were in writing, and contained various stipulations in regard to continuing the games at the First Street grounds, division of the gate receipts, indemnity to plaintiff for loss of fares, and other matters not requiring special notice.

In addition to these things Hellman and his sureties, at the time of obtaining the second extension, executed a new contract of indemnity to the plaintiff, which, after referring to and reciting the more material portions of the various contracts, etc., above mentioned, contains, among others, the following stipulation: "That in case said Marco Hellman fails to perform any of the agreements mentioned in the said contract of May 5, 1890, as modified by the agreement of extension of July 5, 1890, and this agreement, or fails to perform any of the covenants on his part contained in the agreement of July 5, 1890, or this agreement, at the time in said contract or in said agreements mentioned, they will pay the amount of the note mentioned in the said contract and the interest therein provided, and said company shall have the right to immediately begin suit against said Marco Hellman and the sureties on said bond to recover the amount of the said note and the interest therein provided. This provision shall not be con-

strued a waiver of any other right of action which the said company may have for breach of said contract of agreement."

Hellman never complied with his agreements, but after giving only about a dozen entertainments abandoned the enterprise and forfeited his lease. Thereupon, on September 2, 1891, and before the plaintiff's note had been paid or was due, this action was commenced against Hellman and his sureties. Plaintiff recovered a judgment for $6,737.50, from which, as well as from an order overruling their motion for a new trial, the defendants appeal.

Much of the argument on the part of appellants is devoted to a discussion of the nature of the action—a point which does not seem to us to present any serious difficulty. Assuming that the plaintiff had the power to enter into this particular contract, and that its note was duly executed, it had two remedies for a breach of the principal contract by Marco Hellman. It could either sue him for the profit it would have made by performance of his agreement, or it could sue him and his sureties on the second contract of indemnity for the amount of its promissory note for $5,500 and interest. Having this choice of remedies the plaintiff elected to pursue the latter, and its complaint is entirely sufficient to entitle it to the relief sought. All the facts above detailed are fully set out along with other formal allegations, showing the right of the plaintiff to recover from Hellman and his sureties the amount of plaintiff's note, the proceeds of which he had received, and which it had bound itself to pay.

But the appellants contend that to allow the plaintiff to recover the full amount of its note and interest after a partial performance by Hellman of his contract and receipt by plaintiff of some of the profit and advantage of performance on his part, is unjust and unfair, and is the enforcement of a penalty or an award of liquidated damages in a case where a stipulation for liquidated damages is unlawful. They say that upon the same theory

that allows a recovery of the full amount of the note and interest after a few games had been played at the new grounds, and receipt by plaintiff of the increased fares on its road caused by the giving of such games, the like amount must have been recovered if all but the last one of the two hundred and eight games had been given, and the plaintiff had actually received a large profit from the giving of such games.

. In the view we entertain of the rights of the parties under the contract this argument has no force. Whatever the plaintiff received as the result of Hellman's partial performance he and his sureties have a right to set off against the amount of the note and interest. The plaintiff not being able or willing to prove the profits it would have made by performance on the part of Hellman, elects to resort to the bond of indemnity on account of its note. It is clearly entitled to that indemnity in full, but it is entitled to nothing more. If it has received any thing from Hellman, much or little, defendants are entitled to a corresponding deduction from the full amount of the liability assumed. But it is for them to allege and prove the amount so received. If this view is correct—and we are satisfied it is—the case is relieved of all the difficulty suggested in the argument of counsel.

It follows, however, from this view that the judgment of the superior court is for too large a sum. The utmost amount which the plaintiff could in any case have recovered in this form of action is $6,600, *i. e.*, $5,500 principal, and two years' interest thereon at ten per cent, amounting to $1,100. The superior court seems to have added to these sums $137.50, or a quarter's interest, which is found to have been paid by the plaintiff on the note. But this quarter's interest is a part of the $1,100, and cannot be added to it.

It also appears that plaintiff received from Hellman, at different times, sums amounting to $207.50, which should be deducted from the full amount of the $6,600. The amount of any increased fares that may have been

received by plaintiff in consequence of the playing of a few games at the new grounds does not appear.

This disposes of the principal questions discussed in the argument, but there remain to be noticed a few minor objections.

The giving of its note by plaintiff was not *ultra vires.* The object was to increase its legitimate business, and the case, as to this point, is within the principle of the decisions in *Vandall* v. *South San Francisco Dock Co.,* 40 Cal. 83, and *Zeimwaldt* v. *Sacramento City R. R. Co.,* 1 P. C. L. J. 123.

The admissions of the defendants in the contracts executed by them were sufficient evidence, *prima facie,* to warrant the superior court in finding that the note of the plaintiff was duly executed, and renders harmless the error, if error it was, in overruling defendant's objection to the testimony of the witness Wood. After their repeated admissions of the execution of the note the burden was on the defendants to show want of authority on the part of the officers of the corporation to execute it.

It is no objection to the right of plaintiff to recover that it had not paid its note before this action was commenced. The defendants expressly agreed that the action might be immediately commenced upon the failure of Hellman to perform any of his agreements, irrespective of the payment or maturity of the note.

In accordance with the foregoing views it is necessary to reverse the judgment for the error of the superior court in awarding too large an amount, but it does not seem to be necessary to order a new trial. The judgment is reversed, and the cause remanded, with directions to the superior court to modify its judgment as follows: The plaintiff should have judgment for $6,600, less $207.50, i. e., for $6,392.50, with legal interest thereon from May 5, 1892, the date of the maturity of plaintiff's note, and costs in the superior court.

McFARLAND, J., FITZGERALD, J., GAROUTTE, J., HARRISON, J., and DE HAVEN, J., concurred.