# NEWARK MILK & CREAM CO. v. COMMIS-
## SIONER OF INTERNAL REVENUE.

Circuit Court of Appeals, Third Circuit.
September 11, 1929.

No. 4007.

Lee I. Park, Charles D. Hamel, and Richard S. Doyle, all of Washington, D. C. (Hopkins, Starr, Hopkins & Hamel, of Washington, D. C., of counsel), for petitioner.

Mabel Walker Willebrandt, Asst. Atty. Gen., and Sewall Key and Andrew D. Sharpe, Sp. Asst. Attys. Gen. (C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, of Washington, D. C., of counsel), for respondent.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

BUFFINGTON, Circuit Judge. This is an appeal by the Newark Milk & Cream Company, the taxpayer, from an order of the Tax Board. The proceeding was for the redetermination of deficiencies in income tax for the years 1922 and 1923 in the respective amounts of $3,788.75 and $3,241.55. The facts are stated in detail and discussed at length in the opinion and findings of the board, and by reference thereto we avoid needless repetition. The case turns on what is the proper construction of an agreement entered into by the taxpayer company and contending sets of stockholders of the taxpayer in settlement of litigation, of business differences, policy, and the sale by one set and acquisition by the other of stock with an accompanying financial guarantee of the taxpayer to the selling stockholders. No principal of law is involved. The case concerns this individual contract, and the only issue decided by the Tax Board and now before this court is whether certain payments made

by the Newark Milk & Cream Company, in pursuance of its guaranty in the contract, were deductible from its income as being ordinary and necessary business expenses of the taxpayer corporation. The board held the payments were not ordinary and necessary business expenses, but were parts of the price paid by the present stockholders to buy out their fellow stockholders and get control of the company.

After a careful study of record, we find ourselves in accord with the conclusion of the board, and therefore affirm its order.