## AMERICAN ROLLING MILL CO. v. COMMISSIONER OF INTERNAL REVENUE.

### No. 5524.

Circuit Court of Appeals, Sixth Circuit.

June 11, 1930.

Paul Armitage, of New York City, for appellant.

J. G. Remey, of Washington, D. C. (G. A. Youngquist, Asst. Atty. Gen., and Sewall Key, C. M. Charest, and E. Riley Campbell, all of Washington, D. C., on the brief), for appellee.

Before DENISON, MOORMAN and HICKS, Circuit Judges.

MOORMAN, Circuit Judge.

This case involves income and excess profit taxes for the year 1920. In its tax return for that year, petitioner claimed, as a business expense, $360,000 which it had contributed to a civic fund raised in Middletown, Ohio. The Commissioner and Board of Tax Appeals disallowed the claim. The facts on which it was based follow:

Petitioner is engaged in the manufacture of high-grade sheet metal and steel. It has a large plant at Middletown, Ohio, at which it employs about one-half of the wage-earning population of the city. Most of its employees are skilled workmen. Its policy has been to seek stability in labor conditions. In 1913 it began among its employees what is generally known as "welfare work," but what its officers call "mutual interest work." Since that time, although long and disastrous strikes have occurred in neighboring towns and petitioner's employees have been solicited to strike, it has never suffered a strike, and there has been but a small turnover in its labor. There is a strong sense of community co-operation in the city, which has been fostered and largely built up by the petitioner. Prior to 1920 there were a small Y. M. C. A. building and a small hospital in the city. Both were inadequate for the needs of the community. In order to make the city more desirable to live in and to encourage its employees to purchase homes, petitioner's president, in the latter part of 1919, presented to the Chamber of Commerce of the city a plan to raise the sum of $1,000,000 for civic betterment. It was determined that $600,000 of this amount should be allocated to the industries of the city, and that each industry should contribute to this allotment upon the basis of its invested capital, number of employees, and volume of sales. All of the industries of the city except two joined in the plan, and, upon the basis indicated, $360,000 of the $600,000 was allocated to the petitioner.

The purposes for which the civic improvement fund was to be used are set out in the margin.[1] Petitioner kept its accounts on an

| [1] Beneficiary | Appropriation | Taxpayer's Contribution 36% |
|---|---|---|
| American Legion | $ 2,000.00 | $ 720.00 |
| Board of Education | 54,299.13 | 19,547.69 |
| Boy Scouts | 19,360.00 | 6,969.60 |
| City Commission | 25,000.00 | 9,000.00 |
| Community Building | 195,000.00 | 70,200.00 |
| Girl Scouts | 9,000.00 | 3,240.00 |
| Hospital | 155,000.00 | 55,800.00 |
| Girls' Club | 70,000.00 | 25,200.00 |
| Public Library | 10,000.00 | 3,600.00 |
| Park Commission | 23,000.00 | 8,280.00 |
| Road of Remembrance | 3,500.00 | 1,260.00 |
| Recreation Association | 37,521.57 | 13,507.76 |
| Y. M. C. A | 385,000.00 | 138,600.00 |
| Contingent | 11,319.30 | 4,074.95 |
| Total | $1,000,000.00 | $360,000.00 |

accrual basis and set up on its books for 1920, as an expense for that year, the $360,000 which it had agreed to contribute to this fund. It actually paid $170,000 of the subscription during the year and paid the balance as it was needed, the final payment being made the latter part of 1923. The net income of the petitioner for the year, as computed by it, was $4,286,365.19.

Although the petitioner's contribution was paid over a period of nearly three years, it became presently owing upon the making of the subscription, and we do not doubt that, if it is a deductible business expense, it was properly set up and charged on the books of the company as such for the year 1920. The critical question is whether it was an ordinary and necessary expense incurred in carrying on trade or business within the meaning of section 234 (a)(1) of the Revenue Act of 1918 (40 Stat. 1077).

It is accepted as true in the industrial world that strikes and shifting labor conditions impair efficiency of production, and that contentment and well-being add to the skill and productivity of workmen. Acting upon that principle, the large industries of the country almost without exception have engaged in mutual interest work in one form or another with their employees, with the view of contributing to their comfort and pleasures, encouraging them to purchase homes, and giving them such interest in the community as to make them an asset of the business. Such work has been considered by the courts as a corporate function having a substantial relation to the progress and success of the industry. Thus it has been held that expenditures for hospitals, dispensaries, medical services, schools, libraries, churches, and recreational centers are all necessary and proper expenditures in aid of corporate purposes.[2] The Board of Tax Appeals itself has recognized them as an effective means of establishing cordial relations with employees and retaining personnel. Article 562, Regulation 62. In the Poinsett Mills Case, 1 B. T. A. page 6, the village in which the taxpayer's mill was operated was located on its property, and the taxpayer made a contribution to the trustees of a Baptist Church, 90 per cent. of the congregation of which was composed of its employees. It also paid the salary of a welfare worker, contributed to the village school, and erected and supported a community center hall. The Board held that the contribution to the church was an "ordinary and necessary expense" of the business of the taxpayer. Similar rulings on different facts were made in Appeal of Holt-Granite Mill Co., 1 B. T. A. 1246; Hibbard, etc., v. Commissioner, 5 B. T. A. 464; Superior Co. v. Commissioner, 7 B. T. A. 380; and Indiana, etc., R. R. Co. v. Commissioner, 16 B. T. A. 279. In Corning Glass Works v. Lucas, Commissioner (App. D. C.) 37 F.(2d) 798, 801, the Board had disallowed a donation to the Corning Hospital of $25,000; but the Court of Appeals of the District of Columbia held that the donation was " 'reasonably incidental to the carrying on of the company's business for the company's benefit,' and therefore allowable as a deduction."

The cases in which the subject has been dealt with by the courts are too numerous to cite. It is said for the Commissioner that every legitimate business in a city is more or less benefited by any civic enterprise, and that to sustain the deduction in the case at bar would open the door to the deduction of every contribution to any enterprise that had for its object the betterment of the people of the surrounding community. We think the argument is unsound. The question always is whether balancing the outlay against the benefits to be reasonably expected, the business interest of the taxpayer will be advanced. The answer must depend, among other things, upon the nature and size of the industry, its location, the number of its employees as compared to the entire community, the type of its employees, and what other employers similarly situated are doing. All of the projects to which this fund was devoted, with the exception of the city commission and the contingent fund, were needed for social, educational, and recreational purposes. They were projects which in modern times are necessities in a community, and they could only be had in this community by petitioner's paying for them or joining others in doing so. If under this necessity it had constructed the necessary buildings for these purposes for its own employees on its own property, we do not doubt that the cost thereof would be regarded as ordinary business expense. We can see no difference between that character of expenditure and contributions to community institutions from which the employees would derive the same benefits.

We cannot accept the contention that to permit the petitioner to make this contribution would give to a corporation the right to

[2] Heinz v. National Bank of Commerce (C. C. A.) 237 F. 942; Sherman Center Town Co. v. Russell, 46 Kan. 382, 26 P. 715; Roberts v. Mays Mills, 184 N. C. 406, 114 S. E. 530, 28 A. L. R. 338; Temple St. Cable Ry. v. Hellman, 103 Cal. 634, 37 P. 530; Steinway v. Steinway & Sons, 17 Misc. Rep. 43, 40 N. Y. S. 718; State v. Railway Co., 68 Ohio St. 9, 67 N. E. 93, 64 L. R. A. 405, 96 Am. St. Rep. 635.

make donations to charity which is given exclusively to individuals by section 214 (a) (11) of the Revenue Act of 1918 (40 Stat. 1068). The contention overlooks the fact that the contribution was not a philanthropy, but was a business expenditure to be reflected in increased earnings. The right to make such expenditures is not confined to corporations, but is also given to individuals. The individual has the additional right, under the statutes, to make gifts to charity that have no relation to business expenses. The need for such facilities as these in this community is not questioned. The benefit which the petitioner would receive from them seems to us to be found in the purposes which they would serve. The business was operated for profit, not to furnish employment. It had been successfully operated for twenty years under a policy looking to the well-being and contentment of its employees. It was in pursuance of that policy that petitioner determined to make the contribution here in question. Saving the $9,000 for the city commission and the contingent fund of $4,074.49, we accept that decision as determining the necessity of making it as a business expense.

The petitioner also paid to the city in 1920, apart from its contribution of $360,000, the sum of $24,000. The contention is made that this was paid to prevent the city from extending its boundaries to include a part of the petitioner's property not within the city limits. We need not determine whether under any circumstances such an expenditure would be a business expense. It suffices that the Board of Tax Appeals found that it was not made with reference to extending the city boundaries, and we think its finding was right. That amount, therefore, was not deductible as an expense.

The order of the Board of Tax Appeals is reversed, and the cause remanded for further proceedings consistent herewith.