### PARKERSBURG IRON & STEEL CO. v. BURNET, Commissioner of Internal Revenue.

### No. 3073.

Circuit Court of Appeals, Fourth Circuit.

March 13, 1931.

W. W. Spalding, of Washington, D. C. (Mason, Spalding & McAtee, of Washington, D. C., on the brief), for petitioner.

William Cutler Thompson, Sp. Asst. to Atty. Gen. (G. A. Youngquist, Asst. Atty. Gen., Sewall Key, Sp. Asst. to Atty. Gen., and C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, and William E. Davis, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., on the brief), for respondent.

Before PARKER and NORTHCOTT, Circuit Judges, and COLEMAN, District Judge.

WILLIAM C. COLEMAN, District Judge.

The present appeal arises upon a petition to review the action of the Board of Tax Appeals in disallowing, as a deduction from gross income for the year 1918, the sum of $11,210.88 claimed by the petitioner to be deductible as an ordinary and necessary expense of carrying on its business during that year. The Commissioner of Internal Revenue determined a total tax deficiency of $38,396.06 against the petitioner for the same year. The Board of Tax Appeals redetermined the deficiency to be $26,426.21, but the other items which form the basis of this total deficiency are not involved here. In short, the only question here presented is whether the above contention of petitioner is correct with respect to the item of $11,210.88, or whether as the Board of Tax Appeals found, that item represented an expenditure on account of permanent improvements or betterments, for which deduction is not allowable.

The controlling provisions of the Revenue Act of 1918 (40 Stat. 1057, 1069, 1077) are the following:

"Sec. 215. That in computing net income no deduction shall in any case be allowed in respect of— * * *

"(b) Any amount paid out for new buildings or for permanent improvements or betterments made to increase the value of any property or estate. * * * *"

"Sec. 234. (a) That in computing the net income of a corporation subject to the tax imposed by section 230 there shall be allowed as deductions:

"(1) All the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including a reasonable allowance for salaries or other compensation for personal services actually rendered, and including rentals or other payments required to be made as a condition to the continued use or possession of property to which the corporation has not taken or is not taking title, or in which it has no equity. * * * *"

In a proceeding of this kind, this court is confined to the facts as found by the Board of Tax Appeals. The latter's decision on such facts may not be upset unless "not in accordance with law." Revenue Act 1926, § 1003 (b), 26 USCA § 1226 (b); Burnet, Commissioner, v. Livezey, 48 F.(2d) 159, decided by this Court this term; House & Hermann v. Lucas (C. C. A.) 36 F.(2d) 51; Bishoff v. Commissioner (C. C. A.) 27 F. (2d) 91. The burden of proof is upon the petitioner. Botany Mills v. U. S., 278 U. S. 282, 49 S. Ct. 129, 73 L. Ed. 379; Ox Fibre Brush Co. v. Blair (C. C. A.) 32 F.(2d) 42, 68 A. L. R. 696, affirmed in Lucas, Commissioner, v. Ox Fibre Brush Co., 281 U. S. 115, 50 S. Ct. 273, 74 L. Ed. 733.

The following facts, material to the present issue, were found by the Board. The petitioner, a corporation with its principal office in Parkersburg, W. Va., is engaged in carrying on a sheet mill business, manufacturing black, blue, and galvanized sheets. During 1918 petitioner manufactured corrugated sheets, stove pipes, and stove pipe elbows under government war contracts. Approximately two-thirds of the work done in petitioner's plant, during that year, was in the production of articles under such contracts. At the time of acceptance of these contracts in 1918, petitioner was carrying on its manufacturing operations in a three story building. The greater part of the operating machinery was located on the first floor. The second and third-story lofts were used principally for storage purposes, but a few machines were operated on the second floor. The building, in general, was satisfactory and adequate to the needs of petitioner's business.

Early in 1918, engineers of the United States Army, following an inspection of the plant, requested that, in order to improve the lighting conditions, certain changes in the building construction, and rearranging of factory rooms, be made, and this request was complied with. All of the machinery on the two upper floors was removed to the first floor, necessitating a general rearrangement

of machinery there. This rearrangement of machinery necessitated the abandonment of certain machine foundations and the laying of new ones, with the result that the first floor was so cut up the petitioner found it necessary to lay an entirely new floor. The second and third floors were torn out, skylights were installed, and the electric lighting system was rearranged. The tearing out of the two upper floors also necessitated a rearrangement of all line shafting for the machines. The productivity of the plant was not increased by reason of these alterations.

In affirming the Commissioner's disallowance of these expenditures as an ordinary and necessary expense in carrying on petitioner's business in the year 1918, the Board stated its conclusion as follows: "Upon the record before us we entertain no doubt that the expenditures incident to making such alterations and changes are of a capital nature, and that the respondent correctly disallowed the item in question as a deduction from gross income. Various reasons are suggested by the petitioner as the basis for the allowance of the disputed item, none of which appeal to us as proper grounds for the action sought to be taken. It is contended that the making of the alterations was an involuntary act, done upon orders of engineers of the Army; that neither the efficiency, productivity, nor the value of the plant has been increased by virtue of the alterations; and that the petitioner has been placed at a decided disadvantage in making the alterations by reason of having to provide additional storage space, and of the cramped and congested operating conditions existing in the building because of the removal of all of the machinery to one floor. Assuming all such conditions and circumstances to be true, and we do not decide that they are, we still adhere to the conclusion already announced. It is undenied in the record that the general purpose for which these alterations and changes were made, the general improvement of lighting conditions in the building, has been accomplished, although, perhaps, not to the degree expected or hoped for. Furthermore, all such alterations and changes have been continued in use throughout all of the taxable years on appeal, and the record contains no hint of any subsequent abandonment. We find no error in the action of the respondent in disallowing the cost of the alterations and changes as a deduction from gross income for 1918."

We find no error in this conclusion of the Board. The evidence compels a finding that the alterations constitute a capital expenditure, the deduction of which is not permitted by the statute.

■■ With respect to petitioner's contention that, since the expenditures in question did not increase the productivity capacity of the factory building—a fact which must, on the evidence, be taken as true—such expenditures are properly deductible as ordinary and necessary expenses of the business, it is sufficient to say that whether or not a given outlay actually results in ultimate advantage to the taxpayer does not determine whether such outlay is to be treated as representing permanent improvement; that is, a capital expenditure, or merely current upkeep, that is, repairs. The true test is rather the nature of the expenditure in and of itself, for, as the government rightly contends, an alteration may be made expressly for the purpose of increasing the value of a given property; and, though it may fail to accomplish that purpose, it nevertheless may remain a capital expenditure. The extent and permanency of the given alteration are indicative of its true character. Here two floors of the building were torn out; its general structure was strengthened by the introduction of steel beams; a sky light was placed in the roof; new concrete foundations were constructed for machinery; a new concrete floor was laid; and the line shafting rearranged—all of which alterations have been retained. These facts indubitably stamp the expenditure for such alterations as being a capital investment, to be treated as a whole because interrelated and of substantially equal permanency, and the amount so capitalized may not, as petitioner contends, be limited to the expenditure that actually produced the only tangible benefit to the structure as a factory building, namely, the increased natural lighting, because, as we have already seen, ultimate advantage or disadvantage to the taxpayer is not the criterion.

■■ The words "ordinary and necessary expenses," as used in section 234 (a) (1) of the statute, and also the words "permanent improvements or betterments made to increase the value of any property or estate," as used in section 215 (b), must be given their rational, practical meaning, according to which the alterations were unquestionably "necessary," because compelled by the exigencies of the war. However, they were not "ordinary," but in fact extraordinary for this very reason, and they resulted in "permanent improvements" to the property, when that phrase is interpreted in the sense that it must be assumed to be used in the statute; that is,

alterations which, both by their very nature and use, are relatively permanent, although they may never in fact enhance the actual value of the property as an investment, as opposed to alterations of which both the nature and the use are relatively temporary. See Duffy v. Central R. Co., 268 U. S. 55, 45 S. Ct. 429, 69 L. Ed. 846. In Hubinger v. Commissioner (C. C. A.) 36 F.(2d) 724, 726, "ordinary expenses" under this statute were defined as "those due to wear and tear and trifling accidental causes."

Whether, although denied a reduction of the tax under section 234 (a) (1) of the Revenue Act of 1918, the present petitioner might have successfully invoked section 234 (a) (8) of the same act (40 Stat. 1078), which provides for the allowance of a reasonable deduction for amortization of the cost of buildings and other facilities constructed, etc., for the production of articles contributing to the prosecution of the war, is a question which is not presented for decision by the present appeal.

For the aforegoing reasons, we find no error in the decision of the Board of Tax Appeals, and the same is accordingly affirmed.