## FIRE COMPANIES BLDG. CORPORATION v. BURNET, Commissioner of Internal Revenue.

### No. 5356.

Court of Appeals of District of Columbia.
Argued Feb. 8, 1932.
Decided March 28, 1932.

James L. Fort, of Washington, D. C., for appellant.

Sewall Key, C. M. Charest, Stanley Suydam, G. A. Youngquist, W. Earl Smith, and Andrew D. Sharpe, all of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB and GRONER, Associate Justices.

ROBB, Associate Justice.

Appeal from a decision of the Board of Tax Appeals involving the question whether the expense incurred in replacing iron piping with brass piping in appellant's office building constituted an ordinary and necessary expense of carrying on a business and, therefore, deductible from gross income in the taxable years, or whether these expenditures were on account of permanent improvements or betterments, for which no deduction is allowed.

The building is located in New York City, is twenty-six stories high, and has an approximate value of $10,000,000. When it was erected in about 1912, a hot-water system with iron piping was installed. From time to time these pipes required repairs. At a time not shown, the manager of the building, an engineer of experience, recommended that repairs be made by putting in sections of brass pipe as needed. Such pipes were installed in place of the iron pipes, and in doing this work appellant expended the sum of $25,000, of which $19,000 was expended in 1923, and $6,000 in 1924. When the change was completed in 1924 the old iron piping had been replaced with new brass piping, except for short sections near the boiler.

Appellant deducted the $25,000 from its gross income, $19,000 in 1923 and $6,000 in 1924, as amounts expended for necessary repairs. The Commissioner determined that the cost of the discarded pipe was $15,000 and, after adjustment for depreciation allowed in prior years, permitted this cost to be deducted in 1923 and 1924. He ruled that the amount of $25,000 expended in installing brass pipes should be capitalized and recovered for income tax purposes by annual depreciation deductions to be taken over its probable useful life.

Under section 234 (a) (1) of the Revenue act of 1921 (c. 136, 42 Stat. 227, 254), there is deductible from gross income "all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business," and under section 215 (a) (2) there may not be deducted "any amount paid out for new buildings or for permanent improvements or betterments made to increase the value of any property or estate." Corresponding sections of the Revenue Act of 1924 (c. 234, 43 Stat. 253, 26 USCA §§ 956 (a) (2), 986 (a) (1) are identical.

Art. 103 of Regulations 62 of the Treasury Department, covering "repairs," provides that "the cost of incidental repairs which neither materially add to the value of the property nor appreciably prolong its life, but keep it in an ordinary efficient operating condition, may be deducted as expense, provided the plant or property account is not increased by the amount of such expenditures. Repairs in the nature of replacements, to the extent that they arrest deterioration and appreciably prolong the life of the property, should be charged against the depreciation reserve if such account is kept."

In view of the wording of the statute and regulations and the findings of the Commissioner and the Board, we are unable to say that the replacement of the iron piping by brass piping was an "ordinary and necessary" expense. Reinecke v. Spalding, 280 U. S. 227, 50 S. Ct. 96, 74 L. Ed. 385; United States v. Anderson, 269 U. S. 422, 46 S. Ct. 131, 70 L. Ed. 347; Botany Worsted Mills v. United States, 278 U. S. 282, 49 S. Ct. 129, 73 L. Ed. 379. It is not a case of replacing a few feet of iron piping with brass piping, but rather the replacing of all iron piping in the hot-water system with a much more expensive material, which appreciably added to the value of the property.

In Parkersburg Iron & Steel Co. v. Burnet (C. C. A.) 48 F.(2d) 163, it was ruled that expenditures to improve lighting conditions by a manufacturer engaged in the sheet mill business and made at the suggestion of army engineers while working on a government contract were on account of "permanent improvements or betterments" and not deductible from income as "ordinary and necessary expenses"; that the alterations were unquestionably "necessary" but not "ordinary," for the reason that they resulted in "permanent improvements" to the property. See, also, Black Hardware Co. v. Commissioner of Internal Revenue (C. C. A.) 39 F.(2d) 460, certiorari denied 282 U. S. 841, 51 S. Ct. 22, 75 L. Ed. 747; Marble & Shattuck Chair Co. v. Commissioner of Internal Revenue (C. C. A.) 39 F.(2d) 393; Hubinger v. Commissioner of Internal Revenue (C. C. A.) 36 F.(2d) 724; George H. Bowman Co. v. Commissioner of Internal Revenue, 59 App. D. C. 15, 32 F.(2d) 404.

Decision affirmed.

Affirmed.