UNITED STATES POTASH COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 61532. Filed February 28, 1958.

*George A. Wood, Esq.*, and *Samuel N. Allen, Esq.*, for the petitioner.
*William M. Fay, Esq.*, and *John F. Walsh, Esq.*, for the respondent.

OPINION.

MURDOCK, *Judge:* The petitioner is entitled to deduction for percentage depletion under sections 23 (m) and 114 (b). The only question here relates to the computation of "the net income of the taxpayer * * * from the property" for the purpose of the limitation on the deduction under section 114 (b) (4). The Commissioner concedes that 55 of the contributions made by the petitioner in 1952 are deductible under section 23 (q) but contends that the $65,000 paid to the Carlsbad Hospital Association Fund was a business expense deductible under section 23 (a) and not a charitable gift deductible under section 23 (q). He also contends that all of these amounts must be deducted in computing "the net income * * * from the property" for the purpose of section 114 (b) (4), whether they are deductible under section 23 (a) or (q).

Corporations were not allowed deductions for charitable contributions prior to the Revenue Act of 1935, but could claim deductions for amounts paid to charities only if they qualified as ordinary and necessary expenses of the business. The Commissioner has adhered to the position that the payment, to be deductible as a business expense, would have to be made in consideration of "a binding obligation" on the part of the charity to do something for the corporation. Cf. I. T. 1980, III-1 C. B. 293 (1924), and Regs. 118, sec. 39.23 (a)–13. A corporation was allowed to deduct a contribution to a hospital as a business expense where its employees were to receive reduced rates, *Franklin Mills,* 7 B. T. A. 1290; where its employees were to receive free services up to the amount of the payment, *Clark Thread Co.,* 28 B. T. A. 1128; where the money was to build a hospital in a "company town" predominately for the benefit of improving labor conditions for the donor, *Sugarland Industries,* 15 B. T. A. 1265; where the donor directly and predominately benefited and made the payment as an alternative to supplying substitute facilities itself, *Missouri-Pacific Railroad Co.,* 22 B. T. A. 267, *Corning Glass Works* v. *Commissioner,* 37 F. 2d 798, certiorari denied 281 U. S. 742, reversing on this issue 9 B. T. A. 771. The deductions were allowed in the above cases over the protest of the Commissioner who urged that a more stringent rule should be met. The taxpayers were not allowed the deductions as

business expenses in *Fire Companies Building Corporation*, 18 B. T. A. 1258, since the donor had no moral or legal duty to furnish hospital facilities, and in *American Rolling Mill Co.*, 14 B. T. A. 529, 536–537, where it was said:

The benefits which petitioner derived were of the same character as those which flowed to every other corporation and citizen of the community. While we have no doubt that petitioner did derive benefit from these civic improvements, we are of opinion that the benefit was indirect rather than direct. * * *

The contribution in the latter case was $360,000 to a $1,000,000 civic fund to build, *inter alia*, "necessary additions to" a hospital and "a new Y. M. C. A. building" as part of a civic program in a growing community, population then about 23,000, of which the donor's employees formed about one-half. That case was reversed, see 41 F. 2d 314. Cf. *Carso Paper Co.*, 3 B. T. A. 28.

The $65,000 contribution of the petitioner would not be deductible as an ordinary and necessary business expense under the above cases. The petitioner neither asked nor received any kind of a promise or agreement as to charges, services, or facilities, it did not contribute as a necessary alternative to some other use of its money, and the facilities were not to benefit its employees any more than all others in the community. This contribution was solely in consideration of the other similar gifts made to the fund as a community effort. It was not required and had no strings attached.

Section 23 (a) (1) (B) provides that no deduction shall be allowed to a corporation under section 23 (a) (1) (A) "for any contribution or gift" allowable under subsection (q) but for the 5 per cent limitation. The $65,000 contribution was just like the other 55, a purely voluntary act, a gift. It was in a true sense a charitable contribution deductible under section 23 (q) and not under section 23 (a) (1) (A) as an ordinary and necessary expense of the petitioner's business.

This Court has held that charitable contributions deductible under section 23 (q) are not "attributable to the mineral property" and are not to be deducted in computing "net income * * * from the property" for the purpose of section 114 (b) (4). *F. H. E. Oil Co.*, 3 T. C. 13, affirmed on other issues 147 F. 1002, and it follows that authority here. The Commissioner contends that the holding in that case is wrong and should be overruled, but the cases he cites are not in point since they all involve deductions of real business expenses or other items which were deductible because essential to the mining operation. Charitable deductions are gifts, voluntarily made, and not expenses of or essential to the mining operation. All of the 56 contributions made by the petitioner during 1952 were deductible under section 23 (q).

*Decision will be entered under Rule 50.*